No. 18,325.

PUBLIC SERVICE COMPANY OF COLORADO, ET AL *v.*
MARTIN P. MILLER, ET AL.
(313 P. [2d] 998)

Decided July 29, 1957.

Messrs. LEE, BRYANS, KELLY & STANSFIELD, Messrs.
GAUNT & BYRNE, for complainant Public Service Company of Colorado.

Messrs. ALLEN, LYNCH & ROUSE, for complainant Colorado Central Power Company.

Messrs. GRANT, SHAFROTH & TOLL, MR. ERL H. ELLIS, for respondent.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THIS is an original proceeding in the nature of prohibition involving a review of a decision of the Public Utilities Commission and two district courts of concurrent jurisdiction, namely, the district court of the City and County of Denver and the district court in and for Adams county. Rule to show cause issued and the matter is now at issue for determination.

The origin of the controversy was the filing of an application in the latter part of 1955 by Union Rural Electric Association, Inc., with the Commission seeking a certificate of public convenience and necessity to operate as a public utility in a community north of Denver. Hearings on this application covered nearly a year's time, and at which hearings the Public Service Company of Colorado and the Colorado Central Power Company, a Delaware corporation, appeared as protestants. On January 7, 1957, the Commission announced its decision as of that date in favor of the applicant. The Public Service Company and the Colorado Central Power Company, now plaintiffs in error, each petitioned the Commission for a rehearing and both were denied. In due course, and on January 29, 1957, Public Service commenced an action in the Denver district court for review of the decision of the Commission. Colorado Central Power Company appeared by answering the complaint and also a claim for review. Union Electric Association, one of the respondents here, answered the complaint, but did not petition for a review.

February 11, 1957, after having appeared in the Denver district court, as just stated, Union Electric filed a petition for review of the same decision of the Commission in the district court of Adams county. Plaintiffs in error, Public Service Company of Colorado and Colorado Central Power Company and the Commission moved the Adams county district court to dismiss the action for

lack of jurisdiction. Arguments on these motions were had, at which a certified copy of the pending district court action was offered and admitted in evidence. All motions to dismiss for lack of jurisdiction were overruled and the court, the Honorable Martin F. Miller, presiding, required the parties to answer and set the matter for trial for June 11, 1957. This original proceeding was then instituted.

■ There is only one decision of the Commission involved.' It seems that horn book law would prevent a conflict of decisions of two courts of concurrent jurisdiction and avoid unnecessary duplication and multiplicity of suits. It has long been settled that the court first acquiring jurisdiction of the parties and the subject matter has exclusive jurisdiction. It follows that since the action in the Denver district court was commenced prior to the Adams county action, exclusive jurisdiction rested with the Denver district court, where the action was properly brought according to statute made and provided in such cases, which is C.R.S. '53, 115-6-15: "All actions for review shall be commenced and tried in the district court in and for the county in which the petitioner resides, or if a corporation or partnership, in the county in which it maintains its principal office or place of business, or in the district court of the city and county of Denver, at the option of the petitioner."

Complainant Public Service Company of Colorado has its principal office in Denver.

■ Jurisdiction of the subject matter attached in the Denver district court upon the filing of the complaint according to Rule 3(b) Colo. R.C.P., and when all parties here involved made general appearance, the Denver district court then had exclusive jurisdiction of both the subject matter and the parties, and no other court of co-ordinate power could interfere with its action.

If the Adams county district court in the subsequent action proceeded the ultimate judgment of both courts could be brought into conflict, thus creating a serious

situation, and enforcement of conflicting decisions would be impossible.

The rule to show cause heretofore issued is now made absolute.

MR. CHIEF JUSTICE MOORE not participating.