Francis P. O'BRIEN, Plaintiff,

v.

UNITED STATES STEEL CORPORATION, Defendant.

v.

THEW SHOVEL COMPANY, a corporation, Additional Defendant.

Civ. A. No. 16799.

United States District Court
W. D. Pennsylvania.

May 11, 1960.

As Amended May 12, 1960.

Gene K. Lynch, of McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for U. S. Steel Corp.

J. Lawrence McBride, of Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for Thew Shovel, Co.

WILLSON, District Judge.

On March 2, 1960, upon the stipulation of counsel of record for the parties, an order of this court was entered dismissing the Thew Shovel Company, a corporation as a defendant in this civil action. The stipulation filed provides that service of process upon Thew "is defective and should be quashed", and further "that this Honorable Court does not have venue to try and determine the action as against said additional defendant; and that this Honorable Court otherwise does not have jurisdiction over said additional defendant." Subsequently, that is on March 11, 1960 in two civil actions, numbers 17251 and 17795, this court held that Thew Shovel Company was doing business within this commonwealth and was therefore amenable to service as a foreign corporation unregistered to do business in Pennsylvania by service upon the Secretary of the Commonwealth.

On April 5, 1960, some thirty-three days after the civil actions were dismissed, counsel for plaintiff filed a petition to set aside the order of dismissal entered March 2, 1960. Counsel at argument stated that the petition was filed under the provisions of Rule 60 of the Federal Rules of Civil Procedure. The petition indicates and counsel states that counsel was mistaken and in error on two points, the first being that counsel was under the belief that evidence could not be produced sufficient to prove that Thew was doing business in this jurisdiction under the law of Pennsylvania. The second mistake was predicated upon the ignorance of counsel that the Legislature of Pennsylvania had re-enacted the Business Corporation Law, § 1011 (C) in November of 1959, 15 P.S. § 2852–1011, subd. C.

This court observes in connection with the present application that counsel for plaintiff is not only able and experienced but the lawyers in the firm are thoroughly familiar with the federal practice and procedure. They file and try more civil actions in this court than any other law firm in the district. Gene K. Lynch, Esq., the attorney who argued this mo-

tion is the former law clerk of a retired judge of this court. She was frank to state that plaintiff's rights had been protected by the filing of a similar civil action in another jurisdiction. She indicated that the only reason why this motion was being pressed was that counsel preferred this court to other courts in other jurisdictions. This statement is perhaps a compliment to the court but is no reason why this court should strike off the dismissal of this civil action. This court observes that not only is plaintiff's counsel experienced but is most adept at invoking the jurisdiction of this court in diversity cases when the facts permit, i. e., some twenty civil actions are in this court in which a man named Jamison is the plaintiff. From the petition and the argument made by counsel, it seems to this court that counsel simply made an appraisal of the factual situation and the law as they understood it and voluntarily decided on a stipulation of dismissal in this and in four other civil actions in which Thew is a defendant. In the meantime, if not before, suits were brought elsewhere to protect their client's rights. Counsel was frank to state that when this court entered its decision holding that Thew was amenable to suit in this jurisdiction, plaintiff's counsel then regretted her decision. Their position is understandable, but it is believed that no sufficient legal reason is raised whereby the dismissal with prejudice should be set aside. For instance, counsel says she took a deposition of one witness as to the method of Thew's doing business. She concluded from that deposition that Thew was not subject to suit here. She says however, that she had overlooked the re-enactment to the business corporation law of this state. But that re-enactment simply defined "doing business" in this state. It did not create any new substantive rights. Ultimately plaintiff's course of handling this matter may prove to be the correct one. The decision of this court will no doubt be the basis of an appeal. Counsel's first decision that this court has no jurisdiction over Thew may be proved right and this court wrong. Under all of the circumstances plaintiff has not made out a case for relief under Rule 60. The motion to set aside the dismissal will be denied.

At the argument held in the instant civil action, that is 16799, counsel agreed that the decision reached by this court should be applied to civil actions 15949, 15950, 15951 and 15974. It is so ordered.