No. 20,392.

Ella Tate Martin v. The District Court in and for the County of Adams, et al.
(375 P. [2d] 105)

Decided October 8, 1962.

Mr. ED CONLY, for petitioner.

Messrs. MELLMAN, MELLMAN & THORN, for respondents.

*En Banc.*

MR JUSTICE MCWILLIAMS delivered the opinion of the Court.

THIS is an original proceeding in the nature of prohibition brought by Ella Tate Martin against the district court in and for the County of Adams and the Honorable Clifford J. Gobble, a judge thereof, seeking to enjoin and prohibit said respondents from proceeding further in a civil action numbered 12,637, entitled Isaac Mellman and Estelle L. Mellman v. Ella Frances Tate, also known as Ella Frances Miner, also known as Ella Tate Miner Martin, then pending in the district court of Adams County. Rule to show cause issued and, the respondents having made answer, the matter is now at issue for determination.

Ella Tate Martin contends that she "commenced" an action against Isaac and Estelle Mellman in the district court in and for the City and County of Denver on May 25, 1962, by obtaining service upon Isaac Mellman by delivery of a copy of the summons and complaint to his secretary at his usual place of business. Martin's complaint, however, was not thereafter filed in the district court of Denver until June 4, 1962.

About one hour before Martin filed her complaint in the district court in Denver, Isaac and Estelle Mellman filed an action against Ella Tate Martin involving the same subject matter in the district court of Adams County, and Martin was served with process in the Adams County proceeding later on the same date.

Martin filed a motion to dismiss in the action brought in Adams County, which motion after hearing was

denied on the grounds that the purported service upon Isaac Mellman on May 25, 1962, was invalid and that therefore this action was first "commenced" in the Adams County Court, Mellmans' complaint having been filed in Adams County about one hour before Martin's complaint was filed in Denver. Having brought this matter to the attention of the district court of Adams County and suffered an adverse ruling thereon, Martin seeks relief by this original proceeding.

■ All agree that the court first acquiring jurisdiction of the parties and the subject matter has exclusive jurisdiction, which perhaps more accurately should be denominated as a "priority of jurisdiction." See *Public Service Company of Colorado,* 135 Colo. 575, 313 P. (2d) 998, where it was stated:

". . . It seems that horn book law would prevent a conflict of decisions of two courts of concurrent jurisdiction and avoid unnecessary duplication and multiplicity of suits. It has long been settled that the court first acquiring jurisdiction of the parties and the subject matter has exclusive jurisdiction. It follows that since the action in the Denver district court was commenced prior to the Adams county action, exclusive jurisdiction rested with the Denver district court, where the action was properly brought according to statute made and provided in such cases . . ."

Accordingly, Mellman concedes that *if* there was valid service of process upon him on May 25, 1962, then the action was "commenced" in the district court of Denver before he commenced his action in the district court of Adams County. But he contends that the purported service upon him was *not* in compliance with the Rules of Civil Procedure and was therefore invalid. Accordingly, it becomes necessary to briefly state the facts and circumstances surrounding the alleged service of process on Isaac Mellman.

The record before us discloses that the alleged service

of process of Isaac Mellman on May 25, 1962, was accomplished in the following manner:

1. The process server placed a copy of the complaint and summons in an envelope and on the face of the envelope wrote "Personal. To Isaac Mellman";

2. The process server then went to Isaac Mellman's law office, and inquired as to whether Isaac Mellman was in his office;

3. That a woman seated at a desk in Mr. Mellman's law offices informed the process server that Mr. Mellman was not in at the moment;

4. That the process server inquired as to the identity of this woman who was seated at a desk in Mr. Mellman's office and that she stated she was Mr. Mellman's secretary and receptionist;

5. Whereupon the process server delivered to and left with this woman the aforementioned envelope, and that the secretary then placed this envelope on Mr. Mellman's desk and that he opened the envelope and saw the copy of the summons and complaint on that same date, or within a day or two later at the most.

Mellman contends that this attempted service is invalid since the process server merely handed the envelope containing a copy of the summons and complaint to his secretary without advising her of its contents and without requesting that she in turn deliver it to her employer. Such incidentally was also the basis for the denial by the district court of Adams County of Martin's motion to dismiss.

■ Rule 4 (e) (2) R.C.P. Colo. provides that personal service should be as follows:

"Upon a natural person over the age of 18 years by *delivering* a copy thereof to him . . . or at his usual place of business, with his stenographer, bookkeeper, or chief clerk . . . " (Emphasis supplied.)

This rule requires that the copy of the summons and complaint be "delivered" to the proper person, but clearly by its own terms does *not* require that this

"delivery" be accompanied by a reading aloud of the documents so served, or by explaining what they are, or by verbally advising the person sought to be served as to what he or she should do with the papers. We conclude that this service of process complied with the Rules of Civil Procedure, and accordingly that Martin "commenced" her action against the Mellmans in the district court of Denver before the Mellmans "commenced" their action against Martin in the district court of Adams County.

█ Mellman also seriously argues that the fact Martin did not file a motion for new trial, nor did the trial court dispense with the necessity for the same after her motion to dismiss was denied in the Adams County proceeding, precludes her from obtaining the type of relief here sought. This argument is devoid of merit. Martin does not seek review by writ of error of any judgment entered by the district court, but rather invokes the original jurisdiction of this Court.

Therefore, it is the order of this Court that these respondents suspend any further action in case numbered 12,637, entitled Isaac Mellman and Estelle Mellman v. Ella Frances Tate, also known as Ella Frances Miner, also known as Ella Tate Miner Martin, now pending in the district court of Adams County, until such time as the action between the same parties now pending in the district court of Denver be finally determined.