No. 22654.

The Utilities Board of the City of Lamar, also known as Board of Utilities Commissioners of the City of Lamar v. Southeast Colorado Power Association.

(468 P.2d 36)

Decided April 20, 1970.     Rehearing denied May 11, 1970.

JOHNSON and MCLACHLAN, DICKERSON, BARRY & DWYER, JOHN R. BARRY, for plaintiff in error.

CARL M. SHINN, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

BOTH the plaintiff in error and the defendant in error distribute and sell electrical power in the Lamar, Colorado area. The plaintiff in error (Lamar) holds a certificate from the Public Utilities Commission of Colorado to supply electrical service to an area which embraces a feed mill. However, the defendant in error (Association) claims to have supplied electrical service to this area for the past twenty years; and on October 18, 1965, the Commission granted the Association a certificate to supply service to the area in which the feed mill is located. This action was appealed by Lamar to the District Court of Pueblo County, and the court entered an order staying and suspending operation of the Commission's decision until the conclusion of the appellate review.

Thereafter Lamar commenced construction of lines to serve the mill. The Association filed an action in the District Court of Prowers County and obtained a preliminary injunction restraining Lamar from further construction. Contemporaneously, the court denied Lamar's

motion to dismiss the action for lack of jurisdiction. At this juncture writ of error was sought and issued here; and we stayed enforcement of the injunction pending our determination. While the Association argues that it should have the right to serve the mill, we are not here going to touch upon the merits of the Commission's decision granting a certificate to the Association. We merely hold that the injunction should not have been granted as the court lacked jurisdiction.

The issue of whether Lamar should be allowed to continue constructing its facilities was ancillary to the proceedings in Pueblo County. In that action the question of which utility should supply service — and construct any necessary facilities — was before the court. The court in Pueblo stayed the operation of the authority granted to the Association. Any stay of service to the mill by either party was ancillary to proceedings in Pueblo County, where the Association should have applied for relief.

Paradoxically, the Association argues here that it was the intent of the stay order in Pueblo that line construction by *both* parties would not proceed. If this be true, then the court in Pueblo had already assumed jurisdiction of the precise matter involved in the court in Prowers County. However, our conclusion does not need to rest upon this particular argument of the Association.

It is familiar law that, once a court takes jurisdiction of an issue and of parties, it thereafter has exclusive jurisdiction of the subject and matters ancillary thereto. *Martin v. District Court,* 150 Colo. 577, 375 P.2d 105; *Public Service Co. v. Miller,* 135 Colo. 575, 313 P.2d 998; *Louden Canal Co. v. Handy Ditch Co.,* 22 Colo. 102, 43 P. 535. The motion to dismiss should have been granted.

Both in the trial court and here the Association relied on *Denver v. Glendale Water and Sanitation District,* 152 Colo. 39, 380 P.2d 553. *Glendale,* involving *venue* not jurisdiction, is clearly inapplicable. There no other action relating to the subject was pending and the

opinion expressly mentioned that the injunction prayed was not an ancillary matter. Here, we have a question of *jurisdiction*. Counsel for the Association argued in the trial court and here that, since it was mentioned in *Glendale* that it was an *in personam* case and since this is likewise an *in personam* action, the forum properly was in Prowers County. It goes without saying that every district court in this state has *in personam jurisdiction* in every other part of the state. *Venue* is an entirely different matter and is not involved here.

The preliminary injunction order is reversed and cause remanded with instructions to dismiss the complaint.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY not participating.