534

## No. 22670.

### BB *v.* SS AND JS.
(468 P.2d 859)

Decided May 11, 1970. Rehearing denied June 1, 1970.

GRUETER AND LAMM, RICHARD D. LAMM, for plaintiff in error.

AKOLT, SHEPHERD, DICK AND ROVIRA, STUART S. GUNCKEL, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

IN the interest of anonymity, upon motion, the parties have been designated by initials. Plaintiff in error is hereinafter referred to as the "father." Defendants in error are hereinafter referred to as the "grandparents."

This writ of error is directed to an order of the Adams

County District Court denying the father's motion, under C.R.C.P. 60(b), to set aside a final decree of adoption. For a full understanding of the matters in controversy it is necessary that the events giving rise to the adoption proceedings be set out in some detail.

The subject child was conceived out of wedlock in late August of 1963. In November, upon learning of her pregnancy, the mother joined the father in Boston, Massachusetts, where he was a student at an eastern university. She moved in with him in reliance on his promises of marriage. Although they lived together until the child was born he refused to enter into a ceremonial marriage. The child was born on May 19, 1964, and the mother and child returned to Colorado, taking up residence with the mother's parents in Adams County. The grandparents have provided a home for the child since May 25, 1964, and have continuously supported and maintained the child during the entire period of time. In addition, substantially all of the medical and hospital expenses incident to the pregnancy and birth of the child were contributed by the grandparents. The petitioning grandparents and the child were living in their Adams County home when the adoption proceedings were commenced in July of 1965.

An attempt had been made by the mother to obtain support money for the minor child from the father by commencing a paternity action in the Denver County Court. This action terminated without trial after the father acknowledged his son.

On June 1, 1965, the father commenced a divorce action in the Denver District Court. He alleged that the parties had entered into a common-law marriage on August 30, 1963; that as a result the child was born; and that his wife had been extremely and repeatedly cruel towards him. He prayed for an order decreeing the marriage to be valid, the child to be legitimate, for a decree of divorce, and for an order of custody. To this complaint the mother filed various motions. No custodial orders were entered

in this action and it remained dormant during the adoption proceedings that were later instituted.

On July 26, 1965, the grandparents, with the written consent of the mother, commenced their adoption proceedings in the Adams County District Court. In their petition they alleged that the father's consent was not necessary in that he had lost his parental rights through voluntary relinquishment, abandonment, and by having failed to provide reasonable support for the child for more than one year. The father filed his motion and answer to the petition for adoption which denied the allegations of relinquishment, abandonment and nonsupport, and prayed for dismissal of the proceedings. The hearing was scheduled for November 2, 1965. The father, although properly notified, failed to appear and contest the proceeding. His decision not to oppose the adoption was evidenced by a letter from his attorney, which concluded as follows:

"Accordingly, I should like to advise you that we shall not oppose the Petition for Adoption notwithstanding the Motions heretofore filed, and that you may proceed to obtain a Decree of Adoption in accordance with the law in such cases made and provided for."

An evidentiary hearing was held and a decree of adoption was entered on November 2, 1965.

During the ensuing months the father changed his mind, retained new counsel and, on March 24, 1966, filed his motion to vacate the decree of adoption. As grounds, he asserted among other things that he had meritorious defenses, that the court was without jurisdiction, and that he was entitled to relief because of mistake, inadvertence, excusable neglect, fraud, misrepresentation, and misconduct of the adverse parties, and other reasons justifying relief from the decree.

The motion to vacate was heard on April 27, 1966. Extensive testimony was presented and the court entered detailed findings of fact, conclusions of law and an order denying the motion to vacate.

Three errors are asserted as a basis for reversal of the trial court's judgment. We find no error and therefore we affirm.

I.

■■ It is first contended that the Denver District Court had exclusive jurisdiction over the custody of the child by reason of the prior divorce action and that the Adams County District Court had no jurisdiction to grant a decree of adoption during the pendency of the divorce action. The father by this argument attempts to apply the rule of priority of jurisdiction. This rule of procedure has several times been considered by this court. See: *Utilities Board of the City of Lamar v. Southeast Colorado Power Association,* 171 Colo. 456, 468 P.2d 36; *Martin v. District Court,* 150 Colo. 577, 375 P.2d 105; *Public Service Co. v. Miller,* 135 Colo. 575, 313 P.2d 998; *People v. Morley,* 77 Colo. 25, 234 P. 178. However, such may not be considered in the posture of this case as it was not in any manner presented to the trial court as grounds for abating or dismissing the adoption proceedings. When the father chose not to contest the adoption he waived all objections he might have had to the procedural aspects of the case.

II.

■■ The second contention is that the Adams County District Court did not have jurisdiction to hear the adoption proceedings for the further reasons that the petitioning grandparents were not domiciled in the county and the child was not located within the county at the time of the commencement of the proceeding. We note that the statute in effect, C.R.S. 1963, 4-1-2, does not, as a condition to the filing of the adoption petition, require that both the domicile of the petitioners and the location of the person to be adopted be within the county. Rather, compliance with either is sufficient to invoke the jurisdiction of the court. It was undisputed that the child resided in Adams County with his grandparents from May 25, 1964, until the latter part of August 1965, and

that he was located within the County of Adams at the time of the commencement of the proceedings on July 26, 1965. The jurisdiction of the Adams County District Court was properly invoked. We find no merit to this contention.

### III.

As the last ground for reversal, it is contended that the trial court abused its discretion in denying the father's motion to vacate the decree of adoption. The argument advanced is that the act of the father in bringing the divorce action in which he requested custody of his child was inconsistent with the finding of abandonment by the trial court, particularly when considered in the light of his efforts at reconciliation and offers to support the child.

At the hearing of the motion to vacate, the court liberally permitted the father to bring forth additional evidentiary matter relating to abandonment and non-support. Nothing was presented by him of which he had not been fully aware at the time he chose not to contest the adoption. He was then represented by able counsel. He now contends he was misled by his counsel into making an ill-advised decision. Assuming, *arguendo,* he was ill-advised by his counsel, misplaced reliance on the advice of counsel is not in itself sufficient grounds for granting of relief under C.R.C.P. 60(b). *Self v. Watts,* 128 Colo. 61, 259 P.2d 1074; *Rarick v. United Steelworkers of America,* 202 F.Supp. 901; *O'Brien v. United States Steel Corporation,* 25 F.R.D. 260.

 The election not to contest amounted to an implied consent to the adoption; and it has been many times held that a change of heart, or regret at having consented, is not sufficient grounds for annulment or vacation of an adoption decree. *Batton v. Massar,* 149 Colo. 404, 369 P.2d 434; *In re Adoption of L.,* 56 N.J. Super. 46, 151 A.2d 435; *Meersand v. Meersand,* 272 App. Div. 848, 70 N.Y.S.2d 113; *In re Anonymous,* 12 Misc. 2d 781, 177 N.Y.S.2d 784; *In re Young,* 259 Pa. 573, 103 A.

344; *Bidwell v. McSorley,* 194 Va. 135, 72 S.E.2d 245; *Lane v. Pippin,* 110 W.Va. 357, 158 S.E. 673.

The court specifically found no mistake, inadvertence, excusable neglect, fraud, misrepresentation, or misconduct of the adverse parties, or any other reason justifying relief from the decree of adoption. And most significantly the court made the following finding:

"11. There is no evidence that the Petitioners are anything but fit and proper parents for the child. The Respondent does not appear to be able to provide a suitable or stable home for the child. It would not be in the best interest or welfare of the child to vacate the adoption decree and to return the child to the Respondent or the consenting mother. It is in the best interest and welfare of the child to leave undisturbed and to affirm the adoption decree and the custody and care of the child by the Petitioners."

We find no abuse of discretion by the court in denying the motion to vacate the decree of adoption.

The judgment is affirmed.

Mr. Justice Day, Mr. Justice Pringle and Mr. Justice Hodges concur.