### No. 79SA213

**The People of the State of Colorado, In the Interest of: Joseph Allen Maddox, a child, and Rose Maddox v. District Court of the Eighteenth Judicial District in and for the County of Arapahoe, State of Colorado, and Richard L. Kaylor, the duly elected, qualified and acting District Judge**

(597 P.2d 573)

Decided July 16, 1979.

Milo N. Gonser, Leslie J. Hilton, Jr., for petitioners.

Robert R. Gallagher, Jr., District Attorney, James J. Peters, Deputy District Attorney, for respondents.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The petitioners, Joseph Maddox (Maddox) and Rose Maddox, brought this original proceeding to prohibit the Arapahoe County District Court from considering the People's petition to modify or revoke Maddox' probation. We issued a rule to show cause and now discharge that rule.

On February 23, 1977, the Arapahoe County District Court (Arapahoe Court) adjudicated Maddox a juvenile delinquent after finding that he had committed aggravated robbery and menacing. He was put on probation for two years and placed in the custody of the Arapahoe County Department of Social Services. Maddox was subsequently placed at the Colorado Boys Ranch, from which he fled in October, 1977. Thereafter, the Arapahoe Court was informed of the probation violation and issued a bench warrant for Maddox' arrest.

Maddox was arrested and brought before the Arapahoe Court on February 15, 1979. At that time, the People advised the court that Maddox and his mother had been living in Denver and moved to change venue to the Denver Juvenile Court. The court ordered a change of venue for purposes of supervision and remanded Maddox to Denver Juvenile Hall.

On February 20, 1979, the Denver Juvenile Court held a hearing at which it determined that the documentation necessary to effect the transfer from Arapahoe County was incomplete and that no grounds for detention were shown. It ordered Maddox to contact the Arapahoe County authorities and released him to the custody of his mother.

As a result of the Denver Juvenile Court's order, the prosecution moved the Arapahoe Court to vacate its order which had transferred venue for the purpose of supervision to the Denver Juvenile Court. The court did so after a hearing on February 22, 1979. At that time, the court also granted the People leave to file a petition for revocation or modification of probation and set a hearing for February 27, 1979, to advise Maddox of his rights regarding that petition. The petition was filed on that date; Maddox moved to dismiss the petition, which motion was subsequently denied.

Maddox contests the jurisdiction of the Arapahoe Court to consider the petition to revoke or modify on two bases: first, that the change of venue to the Denver Juvenile Court deprived the Arapahoe Court of jurisdiction to act further until the Denver Juvenile Court transferred venue back to Arapahoe County; second, that the failure of the People to file the petition for revocation or modification of probation within the two-year period of probation precludes the consideration of such a petition because the probation period had expired.

## I.

Maddox' first contention is that the transfer of venue for supervision to the Denver Juvenile Court precluded the subsequent exercise of jurisdiction by the Arapahoe Court. The venue and jurisdiction provisions of the Children's Code are set forth in article 1 of title 19, C.R.S. 1973. Section 19-1-105(1)(b), C.R.S. 1973, states:

"(b) Proceedings in cases brought under the provisions of section 19-1-104(1)(a) shall be commenced in the county in which the alleged violation of law, ordinance, or court order took place. When the court in which the

petition was filed under section 19-1-104(1)(a) is in a county other than where the child resides, such court shall immediately notify the court in the county where the child resides of said petition and may change venue to the county of residence of the child prior to a finding that allegations of the petition are true, for good cause, if the county of residence of the child so requests within ten days after notification. *If such change of venue is not made prior to the findings on the allegation, the court in the county in which the findings were made may thereafter transfer jurisdiction of the matter to the county of the child's residence for further proceedings pursuant to this title.''* (Emphasis added.)

This case falls within the purview of the underscored sentence.

We note that the Arapahoe Court granted the prosecution's motion to change venue to Denver County for supervision of the juvenile. However, once the child has been adjudicated delinquent, as here, the terms of the statute do not provide for a change of venue, but only for transfer of jurisdiction. This is in accord with the general state of the law. A change of venue is properly a pretrial motion to have the merits of the action adjudicated in the correct forum and county. *See,* for example, *City of Cripple Creek v. Johns,* 177 Colo. 443, 494 P.2d 823 (1972); *Slinkard v. Jordan,* 131 Colo. 144, 279 P.2d 1054 (1955); 77 Am. Jur. 2d *Venue* § 1. Accordingly, such a motion is untimely if the merits have already been adjudicated in their entirety.

The merits of a juvenile delinquency proceeding are concluded with the determination that the allegations in the original petition are true and the finding that the child is a juvenile delinquent. No provision for a subsequent change of venue is made in section 19-1-105(1)(b), C.R.S. 1973, because no further adjudication on the merits is required. All that remains is the supervision of the juvenile as a delinquent.

The prosecution and the court thus misspoke in phrasing the motion and the order in terms of venue. Under the statute, the appropriate order would have been a transfer of jurisdiction to Denver for further proceedings, *i.e.,* to supervise Maddox.

The crux of the issue is whether the attempted transfer of the case to the Denver Juvenile Court divested the Arapahoe Court of its jurisdiction.

Once a court takes jurisdiction of an action, it thereafter has exclusive jurisdiction of the subjects and matters ancillary thereto. *Utilities Board of the City of Lamar v. Southeast Colorado Power Association,* 171 Colo. 456, 468 P.2d 36 (1970). Thus, had the Denver Juvenile Court taken jurisdiction in this case, the Arapahoe Court would have been required to defer to the exclusive jurisdiction of the Denver Juvenile Court.

However, the Denver Juvenile Court never took jurisdiction of the case because the appropriate documentation was not filed. The court held that the transfer from Arapahoe County had been incomplete and

instructed the petitioners to contact the Arapahoe County authorities. At most, the order of the Denver Juvenile Court was but a disclaimer of jurisdiction — a declaration that it would not assume jurisdiction over the case. As such, it did not divest the Arapahoe County of jurisdiction.

■  The effect of an inadequate attempt to transfer an action to another jurisdiction under circumstances such as those here was considered by the Supreme Court of North Carolina in *Farmers Cooperative Exchange, Inc. v. Trull,* 255 N.C. 202, 120 S.E.2d 438 (1961), in which it stated:

"In the event the transcript of removal is not filed . . . the dormant jurisdiction of the court of original venue on proper notice may be reactivated for exclusive control of the case."

Because the Denver Juvenile Court declined to accept jurisdiction without the transcripts and documents, the dormant jurisdiction of the Arapahoe Court was reactivated. Accordingly, its order vacating the prior order changing venue was effective, and it may exercise its jurisdiction on this matter for the duration of the case.

## II.

Maddox next contends that the Arapahoe Court did not have jurisdiction under article 3 of title 19, C.R.S. 1973, to consider the People's motion for revocation or modification of probation which had been filed on February 27, 1979.

Section 19-3-118, C.R.S. 1973 (1978 Supp.), states:

"Continuing jurisdiction. Except as otherwise provided in this article, the jurisdiction of the court over any child adjudicated as neglected or dependent, needing oversight, or delinquent shall continue until he becomes twenty-one years of age unless terminated by court order."

Maddox has not yet reached twenty-one years of age, and the court did not enter an order which terminated jurisdiction. In order to contest the exercise of jurisdiction by the court, the petitioner must point to another provision of the article which precludes jurisdiction. He contends that section 19-3-117(2)(b), C.R.S. 1973, is such a provision. That subsection provides in pertinent part that:

"[A]ny child who has complied satisfactorily with the terms and conditions of his probation for a period of two years shall be released from probation, and the jurisdiction of the court shall be terminated."

Maddox argues that, because the court was not apprised of any probation violation through the timely filing of a petition to revoke or modify probation within the two-year period, the court's jurisdiction automatically terminated on February 23, 1979.

■  Whenever the meaning and import of a statutory provision is plain and free from ambiguity, the language is not subject to construction. Maddox' proposed interpretation is plainly inconsistent with the terms of the statute. Section 19-3-117(2)(b), C.R.S. 1973, is phrased in terms of

the juvenile's successful compliance with the terms of probation. Absent such compliance, the juvenile cannot invoke the benefit of the provision. Maddox cites no authority in support of his position that the People must file a petition for revocation or modification of probation within two years in order to enable the court to retain jurisdiction.

The court retained jurisdiction under section 19-3-118, C.R.S. 1973, because Maddox did not comply with the terms of his probation for a period of two years under section 19-3-117(2)(b), C.R.S. 1973, and the court did not terminate jurisdiction pursuant to court order.

To hold otherwise would enable juveniles adjudicated as delinquent and placed on probation to violate the terms of probation with impunity. Such an interpretation is inconsistent with the legislative purpose for probation.

■ The People notified the court of Maddox' failure to comply with the terms of probation when he left the Colorado Boys Ranch in October, 1977. This alleged violation of probation removes the petitioner from the scope of section 19-3-117(2)(b), C.R.S. 1973. As such, the court retained jurisdiction under section 19-3-118, C.R.S. 1973, to consider the People's petition in this case.

Accordingly, the rule is discharged.