**M & G ENGINES, a partnership, Plaintiff-Appellant,**

v.

**Dorothy MROCH, Defendant-Appellee.**

No. 80CA0994.

Colorado Court of Appeals, Div. II.

June 4, 1981.

Robert W. Caddes, Denver, for plaintiff-appellant.

Roath & Brega, P. C., David W. Stark, Denver, for defendant-appellee.

KELLY, Judge.

The plaintiff, M & G Engines, appeals the judgment dismissing its claim, arguing that the trial court erred in finding that it was without jurisdiction. We affirm.

The plaintiff is a partnership, consisting of three partners, one of whom is the defendant's husband. The defendant and her husband are involved in a dissolution of marriage proceeding.

The plaintiff brought this action in the superior court to obtain possession of its property located at the home of the defendant. Under a temporary restraining order issued by the district court in the dissolution proceeding, the husband is restrained from removing any property from the family home, including those assets of the plaintiff kept there.

The superior court properly found that it was without jurisdiction. Once a court takes jurisdiction of an action, it thereafter has exclusive jurisdiction of the subject and matters ancillary thereto. *Utilities Board v. Southeast Colorado Power Ass'n*, 171 Colo. 456, 468 P.2d 36 (1970). This result is necessary to avoid duplication and multiplicity of suits. *See Public Service Co. v. Miller*, 135 Colo. 575, 313 P.2d 998 (1957). All the parties who may have an interest in the same property should be before the court in one action. *See*, C.R.C.P. 22. Whether the plaintiff's property located in the defendant's home is properly subject to a temporary restraining order is an issue before the district court in the dissolution proceeding.

The plaintiff was not without a remedy. The plaintiff could have intervened in the district court proceeding and been heard on its claims to the property. C.R.C.P. 20(a); § 14–10–105, C.R.S.1973.

Accordingly, the judgment is affirmed.

PIERCE and VAN CISE, JJ., concur.