W.D. TRIPP and Mining Service Exchange, Ltd. Plaintiffs–Appellants,

v.

Viola Joan PARGA,
Defendant–Appellee.

Viola Joan PARGA, Substitute
Plaintiff–Appellee,

v.

W.D. TRIPP and Mining Service Exchange, Ltd., Defendants–Appellants.

Nos. 85CA1713, 87CA1030.

Colorado Court of Appeals,
Div. II.

May 26, 1988.
Rehearing Denied June 23, 1988.
Certiorari Denied Nov. 14, 1988.

Calkins, Kramer, Grimshaw & Harring, Ted R. Bright, T. Edward Icenogle, Charles E. Norton, on the brief Denver, Butler, Landrum, Pierce and Turner, P.C., Lakewood, for Tripp and Mining Service Exchange.

Dixon and Snow, P.C., Rod W. Snow, Steven Janiszewski, Denver, for Viola Parga.

NEY, Judge.

In this opinion, relating to the enforcement of a compromise settlement of a judgment, we decide two separate appeals by W.D. Tripp. In No. 85CA1713 (*Tripp v. Parga*) Tripp attempted to enforce a settlement agreement to satisfy a judgment in a separate action and the trial court dismissed that action, we reverse. In No. 87CA1030 (*Parga v. Tripp*) Tripp attempted to enforce the same settlement agreement in the case where the judgment had been awarded. The trial court dismissed, we affirm.

Robert Parga sued Tripp (*Parga v. Tripp*) and was awarded judgment for $437,000 plus interest and costs. Parga transferred his interest in the judgment to his wife, Viola, who was substituted as plaintiff after Robert Parga's death. Tripp appealed the judgment.

While that appeal was pending, Tripp filed a separate action (*Tripp v. Parga*) against Viola, alleging that, after the judg-

ment had been entered, he had accepted an offer in compromise made by Robert Parga to satisfy the $437,000 judgment by the immediate payment of $250,000. This payment was tendered and refused. The district court dismissed this action for lack of jurisdiction over the subject matter and failure to state a claim against Viola. Tripp appealed that dismissal. (No. 85CA1713)

This court then decided Tripp's appeal of the initial judgment in Parga's favor. *See Parga v. Tripp* (Colo.App. No. 83CA1329, Sept. 11, 1986) (not selected for official publication). After remand, Tripp filed motions for relief from judgment pursuant to C.R.C.P. 60(b)(4) and for satisfaction of judgment pursuant to C.R.C.P. 58(b) alleging the $250,000 settlement. The district court denied the motions for lack of jurisdiction because the issue of the settlement had been raised in the separate action (*Tripp v. Parga*), the dismissal of which was pending as No. 85CA1713. Tripp has appealed that order in *Parga v. Tripp,* No. 87CA1030.

### Tripp v. Parga
### No. 85CA1713

The district court dismissed the separate action premised on the alleged settlement, pursuant to C.R.C.P. 12(b)(1) for lack of jurisdiction over the subject matter and pursuant to C.R.C.P. 12(b)(5) for failure to state a claim for which relief can be granted. We must therefore look to the complaint, presuming that all allegations pled are true, to determine if the dismissal was proper. *Colorado National v. F.E. Biegert Co.,* 165 Colo. 78, 438 P.2d 506 (1968). A court may dismiss an action on the pleadings only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Davidson v. Dill,* 180 Colo. 123, 503 P.2d 157 (1972).

The trial court found that the separate action to enforce the compromise settlement agreement was ancillary to, and a collateral attack on, the judgment which the agreement would have settled had it been honored. Therefore, relying on *Utili-*

*ties Board v. Southeast Colorado Power Ass'n,* 171 Colo. 456, 468 P.2d 36 (1970) and *M & G Engines v. Mroch,* 631 P.2d 1177 (Colo.App.1981), the court dismissed, finding it did not have jurisdiction over the subject matter.

█ In reviewing the complaint, we conclude that this action to enforce a settlement agreement is not a collateral attack on the judgment. Instead, the settlement agreement is a contract to compromise the judgment after its entry, and therefore, it may be enforced by a separate action like any other contract. *Cross v. District Court,* 643 P.2d 39 (Colo.1982).

*Utilities Board* and *M & G Engines,* upon which the court relied, are distinguishable from the situation here. In those cases, the question was whether two courts of equal jurisdiction could exercise jurisdiction over the same issues with the possibility of inconsistent judgments. Here, the enforcement of a compromise agreement raises new issues distinct from any which form the basis of the judgment which was to be satisfied by the compromise.

After judgment has entered and the case is on appeal, the trial court loses jurisdiction over the proceedings of the case. The parties are, however, free to enter into any agreement as a means of settling the controversy between them which may be enforced by a separate action.

█ Since the action was brought against Viola and not the estate of her husband, who allegedly had entered into the compromise agreement, the trial court also based its dismissal on C.R.C.P. 12(b)(5), failure to state a claim against Viola. The complaint, however, sought equitable relief in the form of specific performance of the settlement agreement, *i.e.,* satisfaction of the $437,000 judgment for $250,000, alleging that Robert had assigned his interest in the judgment to Viola. This is a proper claim against Viola. Whether the transfer from Robert to his wife was by gift, assignment, or sale, she takes her interest in the judgment subject to any defenses which Robert had granted Tripp by contract. *In re Marriage of Lipira,* 621

P.2d 1390 (Colo.App.1980); *Blythe v. Cordingly*, 20 Colo.App. 508, 80 P. 495 (1905).

Tripp also claimed damages based on breach of the settlement agreement. This claim cannot be maintained against Viola. She was not a party to the contract. Thus, the damage claim was properly dismissed for failure to state a claim, but the dismissal of the specific performance claim was error and cannot stand.

### Parga v. Tripp
### No. 87CA1030

 When the judgment in the initial litigation was affirmed in part and the cause remanded to the trial court, Tripp attempted to prevent the district court from ordering payment on the judgment and raised the settlement issue for the first time in that case.

The settlement agreement which Tripp attempted to enforce pursuant to C.R.C.P. 60(b) according to Tripp's own theory was negotiated four years prior to the filing of the motion. Thus, in light of the requirement of C.R.C.P. 60(b) that "[t]he motion shall be made within a reasonable time," Tripp's motion was not timely made.

Furthermore, Tripp's motion must be dismissed for lack of jurisdiction since Tripp elected to litigate the issue of the compromise settlement in the separate action which we have here found to be permissible. C.R.C.P. 60(b) specifically provides: "This Rule does not limit the power of the court: (1) to entertain an independent action to relieve a party from a judgment." Since Tripp has elected to litigate the same issue against the same party in a separate action, he is precluded from raising that issue in the initial litigation.

In No. 85CA1713, the judgment dismissing Tripp's separate action is reversed and the cause is remanded for further proceedings. In No. 87CA1030, the order dismissing Tripp's motion is affirmed.

SMITH and VAN CISE, JJ., concur.