**Paul HAWKINS, Petitioner,**

v.

**STATE COMPENSATION INSURANCE AUTHORITY, The Industrial Claim Appeals Office of the State of Colorado, Director, Division of Labor, and Lashley's Drywall Products, Respondents.**

**No. 89CA0785.**

Colorado Court of Appeals, Div. IV.

March 1, 1990.

Richard T. Goold, Denver, for petitioner.

Zarlengo, Mott, Zarlengo and Winbourn, Reed L. Winbourn, Denver, for respondents State Compensation Ins. Authority and Lashley's Drywall Products.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Karen E. Leather, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge HUME.

Paul Hawkins, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) terminating temporary disability benefits after claimant reached maximum medical improvement. We set aside the order.

I.

■ Respondents initially contend that this court lacks subject matter jurisdiction to review the Panel's order because claimant filed a notice of appeal rather than a petition for review. We disagree.

Section 8–53–119, C.R.S. (1986 Repl.Vol. 3B) provides that any party dissatisfied with a final order of the Panel may bring an "action" in this court to modify or vacate such order. The statute further pro-vides that such actions for review shall be commenced by service of a copy of the petition upon the Industrial Claim Appeals Office and filing of the same with the Court of Appeals, that the petition shall state the grounds upon which review is sought, and that it shall be served upon all other parties.

In *Trujillo v. Industrial Commission,* 31 Colo.App. 297, 501 P.2d 1344 (1972), we construed this statute to mean that the filing of a petition for review was a jurisdictional requisite for review proceedings. We also noted that the then applicable appellate rule neither required nor authorized the filing of a notice of appeal. Hence, we concluded that the notice of appeal filed in *Trujillo* was a nullity and could not serve to invoke the jurisdiction of this court.

However, C.A.R. 3.1 was amended, effective January 1, 1988, to provide for the filing of a "notice of appeal" from the Industrial Claim Appeals Office Directly to the Court of Appeals and to specify the contents of such notice of appeal. C.A.R. 3.1(d).

The document filed by claimant complied with the requirements of C.A.R. 3.1(d), and it met all of the substantive requirements of § 8–53–119(3), C.R.S. (1986 Repl.Vol. 3B). The only deficiency claimed by respondents was the document's failure to bear the caption "Petition for Review." Respondents were served with the notice of appeal, have fully participated in the review proceedings, and have neither claimed nor demonstrated any prejudice occasioned by the alleged deficiency.

■ A pleading or court document should not stand or fall on the appellation it is given by a litigant. It is the substance of a document that should control, rather than the title by which it is denominated. *See Hutchinson v. Hutchinson,* 149 Colo. 38, 367 P.2d 594 (1962); *Brown v. Central City Opera House Ass'n,* 36 Colo.App. 334, 542 P.2d 86 (1975).

Hence, we deem the notice of appeal filed here to be sufficient to satisfy the requirements of § 8–53–119(3), and properly to invoke the jurisdiction of this court.

## II.

The merits of claimant's contention on appeal are governed by our supreme court's decision in *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989).

Accordingly, the Panel's order is set aside, and the cause is remanded to the Panel for further proceedings consistent with the *Allee* decision.

JONES and REED, JJ., concur.