**ESTATES IN EAGLE RIDGE, LLLP, a Colorado limited liability partnership; Terry D. Hamilton; and Sharon M. Hamilton, Plaintiffs–Appellants,**

v.

**VALLEY BANK & TRUST, a Colorado banking corporation, Defendant–Appellee.**

No. 03CA2270.

Colorado Court of Appeals, Div. IV.

July 28, 2005.

Rehearing Denied Sept. 22, 2005.

Certiorari Denied Aug. 28, 2006.

Paul Grant, Englewood, Colorado, for Plaintiffs–Appellants.

Sherman & Howard, L.L.C., Joseph J. Bronesky, Denver, Colorado, for Defendant–Appellee.

LOEB, J.

Plaintiffs, Estates in Eagle Ridge, LLLP, Terry D. Hamilton, and Sharon M. Hamilton, appeal the summary judgment in which the

district court concluded that notice to plaintiffs of foreclosure proceedings initiated by defendant, Valley Bank & Trust, was sufficient and that an order authorizing sale was valid. We affirm.

In 2000, Eagle Ridge, by its general partner Terry D. Hamilton, executed, as grantor, a deed of trust for certain property to the Larimer County public trustee for the benefit of Valley Bank to secure a $1,430,193 promissory note executed by Eagle Ridge and the Hamiltons. The deed of trust listed 2629 Redwing Road, Ste. 370, Ft. Collins, CO, as the address for Eagle Ridge and the Hamiltons.

In July 2001, after plaintiffs failed to make payments of interest and principal on the note, Valley Bank commenced public trustee foreclosure proceedings, pursuant to § 38–38–101, et seq., C.R.S.2004, by sending to the public trustee a notice of election and demand for sale, a notice of right to cure and right to redeem, and other documents as required by statute. Valley Bank also sent copies of the notices to Eagle Ridge at the Redwing Road address.

In August 2001, Valley Bank instituted a C.R.C.P. 120 action in Larimer County to obtain the necessary court order authorizing sale of the property, pursuant to § 38–38–105, C.R.S.2004. The same day, Valley Bank sent to the public trustee the motion for order authorizing sale, the notice for a C.R.C.P. 120 hearing, the certificate of mailing and posting, and the proposed order authorizing sale. Valley Bank sent copies of all its filings to plaintiffs at the Redwing Road address.

After failing to adhere to Larimer County's requirements concerning an order for hearing under C.R.C.P. 120, Valley Bank voluntarily decided not to pursue an order authorizing sale in the Larimer County C.R.C.P. 120 proceeding. Instead, Valley Bank filed another C.R.C.P. 120 action in Denver District Court in September 2001 and sent to the public trustee and to plaintiffs at the Redwing Road address, copies of the new motion for order authorizing sale, notice regarding C.R.C.P. 120 hearing, certificate of mailing and posting, and proposed order authorizing sale.

All the pleadings filed in Denver District Court except one had a correct caption that identified that court as having jurisdiction over the C.R.C.P. 120 case. The one exception was the proposed order authorizing sale, which mistakenly listed Larimer County on the top of the caption.

Plaintiffs did not file a response to Valley Bank's C.R.C.P. 120 motion to authorize sale. A Denver District Court magistrate entered the order authorizing sale on October 15, 2001. The Larimer County public trustee then conducted a sale of the property.

In April 2002, plaintiffs filed this action in Larimer County to set aside the order authorizing sale, alleging that, because of the erroneous caption, the order was fraudulently entered by a magistrate who was not sitting on the Larimer County District Court.

Valley Bank then moved in Denver District Court, pursuant to C.R.C.P. 60(a), to correct the order to reflect the proper venue in the caption. The magistrate granted the motion and entered an amended order authorizing sale with a nunc pro tunc date of October 15, 2001.

Valley Bank then moved for partial summary judgment in this action, arguing that the error in the caption of the Denver District Court order was inconsequential and did not affect the validity of the order. Plaintiffs filed a cross-motion for summary judgment, arguing that the sale of the property was void because Valley Bank had not provided proper notice of the foreclosure.

The court denied Valley Bank's motion for partial summary judgment because of an issue of material fact regarding Valley Bank's knowledge of the change of plaintiffs' address. The court also denied plaintiffs' cross-motion for summary judgment, ruling that the error in the caption of the order authorizing sale was a clerical error that did not create a substantive defect in the foreclosure process.

Valley Bank subsequently filed a second motion for partial summary judgment, arguing that, pursuant to the notice provision in the deed of trust, Valley Bank's notice to plaintiffs of the C.R.C.P. 120 proceeding was sufficient as a matter of law. The court

granted Valley Bank's motion. Plaintiffs moved for reconsideration of the summary judgment order, which the court denied. This appeal followed.

### I. Timeliness of Appeal

Preliminarily, we address and reject Valley Bank's assertion that we should re-examine a previous order by a division of this court denying its motion to dismiss this appeal on the ground that plaintiffs' notice of appeal was not timely filed.

Valley Bank's motion to dismiss argued, inter alia, that plaintiffs failed to file their notice within the forty-five days allotted by C.A.R. 4(a). Plaintiffs filed their notice of appeal on November 24, 2003, forty-nine days after the trial court's October 6, 2003 order denying their motion for reconsideration under C.R.C.P. 59.

The motions division of this court ordered plaintiffs to show cause why the appeal should not be dismissed. After both parties responded, the division discharged the order to show cause and denied Valley Bank's motion to dismiss.

Pursuant to C.A.R. 4(a), "[u]pon a showing of excusable neglect, the appellate court may extend the time for filing the notice of appeal by a party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this section (a)."

We interpret the division's order as extending the time for filing the notice of appeal because of excusable neglect, and, thus, we perceive no basis for re-examining the timeliness of the appeal.

### II. Notice of Foreclosure

■ Plaintiffs contend that the district court erred in granting Valley Bank's second motion for partial summary judgment because the notices of the foreclosure proceedings were legally insufficient and, thus, violated plaintiffs' rights to due process. We are not persuaded.

Orders granting summary judgment are reviewed de novo. *Vail/Arrowhead, Inc. v. Dist. Court,* 954 P.2d 608 (Colo.1998). Entry of summary judgment is proper only if there is a clear showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law. The burden to so demonstrate is upon the movant. C.R.C.P. 56(c); *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251 (Colo.1995).

In granting summary judgment, the district court concluded as follows:

1. The Bank provided sufficient Notice of foreclosure proceedings, including its application for an Order Authorizing Sale under C.R.C.P. 120, as required by the Deed of Trust and Colorado law.

2. The Bank had no knowledge of the address at which Notice of foreclosure proceedings could be sent to Plaintiff Estates in Eagle Ridge LLLP, once it vacated the address listed in the Deed of Trust.

3. Colorado law allows a Notice to be sent to the address given in the Deed of Trust, despite the existence of any knowledge of a new address.

Plaintiffs contend that the court erred in each of these three conclusions. We conclude that the court properly granted summary judgment based on its first stated conclusion above, and, accordingly, we need not address the propriety of the court's second and third conclusions.

In Colorado, creditors may commence a foreclosure on a deed of trust through the office of the public trustee. The procedural requirements for a public trustee foreclosure are set forth in § 38–38–101, et seq., C.R.S. 2004. In addition, C.R.C.P. 120 outlines the procedure, including notice requirements, for obtaining a court order authorizing sale, which the creditor must obtain prior to the public trustee sale, pursuant to § 38–38–105.

■ Proper notice of an action is an elementary and fundamental requirement of due process. *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Notice must be made in a reasonable manner so as to convey the required information. Process which is a mere gesture is not due process. *Mullane v. Cent. Hanover Bank & Trust Co., supra,* 339 U.S. at 315, 70 S.Ct. at 657.

■ The notice provisions of C.R.C.P. 120 comport with due process and, thus, must be strictly complied with by one seeking foreclo-

sure under a power of sale through the public trustee. *Dews v. Dist. Court,* 648 P.2d 662 (Colo.1982); *Valley Dev. at Vail, Inc. v. Warder,* 192 Colo. 316, 557 P.2d 1180 (1976).

■ We interpret a deed of trust using basic principles of contract interpretation. *Kirk v. Kitchens,* 49 P.3d 1189, 1192 (Colo. App.2002). The intent of the parties to a contract is to be determined primarily from the language of the instrument itself. Written contracts that are complete and free from ambiguity will be found to express the intention of the parties and will be enforced according to their plain language. *Kirk v. Kitchens, supra.*

■ C.R.C.P. 120(a) requires a creditor to provide in its motion for an order authorizing sale the name and last known address, "as shown by the records of the moving party," of the grantor of the deed of trust, of the current record owner of the property to be sold, of any person believed or known to be personally liable on the indebtedness secured by the deed of trust, and of anyone else who has an interest in the property. Such records include the deed of trust. *See Motlong v. World Sav. & Loan Ass'n,* 168 Colo. 540, 544, 452 P.2d 384, 386 (1969)(notices of foreclosure mailed to debtor at address given in the deed of trust were all that is required under C.R.C.P. 120); *Watkins v. Booth,* 55 Colo. 91, 132 P. 1141 (1913)(proper notice mailed by public trustee to address given in the deed of trust). C.R.C.P. 120(b) requires notice of the proceeding and any hearing date to be served on all persons listed in the motion at the addresses stated in the motion.

Section 38–38–101(1)(f), C.R.S.2004, requires a creditor, once it has gathered the most recent addresses in its records, to provide the public trustee with "[a] list specifying the names and addresses to which all notices required by this article shall be mailed, which may be amended or supplemented in writing prior to the dates required for the mailing of such notices." Section 38–38–101(9), C.R.S.2004, in turn, requires the public trustee to mail "all notices" pursuant to article 38 to the "names and addresses set forth on the list ... as required by [§ 38–38–101(1)(f) ]."

Here, in the deed of trust, the parties agreed that Valley Bank would provide all notices to plaintiffs at the Redwing Road address unless plaintiffs designated a different address in writing. Specifically, the deed of trust provides:

Notices. Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when delivered ... or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address.

The record shows, and neither party disputes, that plaintiffs no longer resided at the Redwing Road address when Valley Bank instituted the C.R.C.P. 120 foreclosure proceedings. It is also undisputed that plaintiffs did not comply with the notice provision in the deed of trust by providing to Valley Bank, in writing, a notice of change of address. Valley Bank thus utilized the Redwing Road address to serve its C.R.C.P. 120 motion and notice and to provide the public trustee with plaintiffs' most current address, pursuant to § 38–38–101(1)(a).

We conclude that the plain language of the deed of trust expresses the parties' intentions concerning notice and changes of address and that Valley Bank's adherence to the deed of trust's notice provision complied with the notice requirements of C.R.C.P. 120(a) and, thus, did not violate plaintiffs' due process rights.

The notice provision in the deed of trust specified the parties' agreement that notice could be sent to plaintiffs' address in the deed of trust unless plaintiffs gave formal written notice to Valley Bank of a change of address for purposes of notice under the deed of trust. A written notice of change of address pursuant to that provision would have constituted part of Valley Bank's records under C.R.C.P. 120(a), because the notice provision effectively established the parties' agreement as to what records Valley

Bank would have to consult to determine plaintiffs' address for purposes of C.R.C.P. 120. *Cf. Kirk v. Kitchens, supra* (unambiguous deed of trust will be held to express intention of the parties as to prepayment penalties and will be enforced according to its plain language).

We also find it instructive, although not determinative, that the Colorado State Real Estate Commission has approved for purposes of C.R.C.P. 120, a form deed of trust with a substantially similar notice provision to that agreed to by the parties here. *See Colorado Real Estate Manual* ch. 25, at 200–08 (2004).

Accordingly, we conclude that the notice provision in the deed of trust, and Valley Bank's compliance with that provision, comported with the requirements of C.R.C.P. 120(a).

 Nevertheless, plaintiffs contend that Valley Bank violated their due process rights by not making a reasonable effort to locate their most current mailing address. We are not persuaded.

Here, by the notice provision in the deed of trust, the parties agreed on a procedure for notifying one another of changes to their respective mailing addresses. Plaintiffs did not follow these procedures. We perceive nothing in C.R.C.P. 120 that required Valley Bank to go beyond the notice provision in the parties' agreement to locate a new address for plaintiffs. *See Kurtz v. Ripley County State Bank,* 785 F.Supp. 116, 118 (E.D.Mo. 1992)(the burden is not on the bank to keep track of debtor's ever changing address), *aff'd,* 972 F.2d 354, 1992 WL 163588 (8th Cir.1992); *see also WTFO, Inc. v. Braithwaite,* 899 S.W.2d 709, 720 (Tex.App.1995)(all that is required is constructive notice of foreclosure).

Accordingly, we perceive no due process concerns where plaintiffs' claim of insufficient notice arises out of their own failure to comply with the change of address requirements in the deed of trust. *See Klingbeil v. State,* 668 P.2d 930, 933 (Colo.1983)(a university student whose permanent address was out-of-state bore the responsibility to give the traffic officer an address where notice of license suspension would reach him or leave a forwarding address with the university;

the plaintiff "cannot now blame the state for insufficient notice arising out of his own irresponsibility when the state complied with the procedural protections provided by statute"); *see also Ward v. Douglas County Bd. of Commr's,* 886 P.2d 310, 312 (Colo.App. 1994)(no due process violation where nondelivery of a notice denying the taxpayer's request for property tax abatement was "attributable to taxpayer's own failure to give the [board] an address where a mailed notice would reach him or to leave a forwarding address with the postal service").

Because we conclude that, as a matter of law, the trial court properly entered summary judgment for Valley Bank on the ground that Valley Bank's compliance with the notice provision in the deed of trust comported with due process and C.R.C.P. 120, we need not consider plaintiffs' arguments challenging the court's other bases for its summary judgment order.

III. Validity of Order Authorizing Sale

 Plaintiffs also contend that the court erred in determining that the order authorizing sale was valid. Plaintiffs argue that the order signed by the Denver District Court magistrate on October 15, 2001, was "false and fraudulent" and entered without authority because it was not entered by the Larimer County District Court, the venue which Valley Bank erroneously identified on the caption of the proposed order. We are not persuaded.

 Colorado law looks to the substance of a pleading and not to the form of its caption. *Hawkins v. State Comp. Ins. Auth.,* 790 P.2d 893, 894 (Colo.App.1990)("A pleading or court document should not stand or fall on the appellation it is given by a litigant. It is the substance of a document that should control, rather than the title by which it is denominated.").

Moreover, under C.R.C.P. 60(a), courts have the power to correct a clerical error in an order: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion

of any party and after such notice, if any, as the court orders."

Here, we conclude the use of "Larimer County" in the caption of the order was a clerical error that did not affect its validity. *See Hawkins v. State Comp. Ins. Auth., supra.* Upon Valley Bank's C.R.C.P. 60(a) motion, the Denver District Court magistrate corrected the clerical error by issuing an amended order authorizing sale, nunc pro tunc.

Further, the mistake did not affect the jurisdiction or authority of the Denver District Court. Pursuant to C.R.C.P. 120(f), venue is not a jurisdictional consideration because a C.R.C.P. 120 foreclosure action may be filed in any county. The Denver magistrate was not purporting to act for the Larimer County District Court by signing the order. Rather, the magistrate was properly acting for the Denver District Court in a C.R.C.P. 120 proceeding properly filed in that court.

### IV. Concurrent Jurisdiction

■ Finally, plaintiffs contend the order authorizing sale is void because the Denver District Court lacked subject matter jurisdiction to enter it in light of the pending Larimer County proceeding. Valley Bank argues that, because it voluntarily chose not to pursue the Larimer County proceeding, the Denver District Court was not prohibited from entering the order. We agree with Valley Bank.

■ Initially, we reject Valley Bank's argument that plaintiffs did not preserve this issue for appellate review. Plaintiffs raised the issue in the trial court in their motion for reconsideration, and after oral argument, we directed the parties to file supplemental briefs on the issue. Accordingly, we conclude the issue is properly before us.

■ The exercise of concurrent jurisdiction is controlled by the principle of priority, which is sometimes referred to as the rule of exclusive concurrent jurisdiction. *See Utils. Bd. v. Southeast Colo. Power Ass'n,* 171 Colo. 456, 468 P.2d 36 (1970); *Martin v. Dist. Court,* 150 Colo. 577, 579, 375 P.2d 105, 106 (1962)("the court first acquiring jurisdiction of the parties and the subject matter has exclusive jurisdiction, which perhaps more accurately should be denominated as a 'priority of jurisdiction'"); *see also* 20 Am.Jur.2d Courts § 91 (2d ed.2004). This rule is based on the public policies of preventing a conflict of decisions of two courts of concurrent jurisdiction and avoiding unnecessary duplication and multiplicity of suits. *See Pub. Serv. Co. v. Miller,* 135 Colo. 575, 577, 313 P.2d 998, 999 (1957); *Hursch v. Hursch,* 492 P.2d 860, 861 (Colo.App.1971)(not published pursuant to C.A.R. 35(f)); *see also Plant Insulation Co. v. Fibreboard Corp.,* 224 Cal.App.3d 781, 787, 274 Cal.Rptr. 147, 150 (1990)(the rule of exclusive concurrent jurisdiction is established and enforced not so much to protect the rights of parties as to protect the rights of courts to coordinate jurisdiction to avoid conflict of jurisdiction, confusion, and delay in the administration of justice).

■ As pertinent here, the rule of priority of jurisdiction is most often applied in Colorado where one court has already assumed jurisdiction over an action and there is a danger of inconsistent rulings when a second action is filed in another state court with concurrent jurisdiction. *See, e.g., Utils. Bd. v. Southeast Colo. Power Ass'n, supra; Pub. Serv. Co. v. Miller, supra; M & G Engines v. Mroch,* 631 P.2d 1177 (Colo.App. 1981). In such circumstances, the supreme court has recognized that the second action should be suspended or stayed rather than dismissed for lack of jurisdiction. *See Wiltgen v. Berg,* 164 Colo. 139, 145, 435 P.2d 378, 381 (1967); *Martin v. Dist. Court, supra,* 150 Colo. at 581, 375 P.2d at 107.

Here, the record shows that Valley Bank filed documents in Larimer County District Court in August 2001 to commence a C.R.C.P. 120 proceeding. The clerk of that court sent Valley Bank two letters notifying it that its documents were "incomplete" for lack of a proper order of hearing. The record further reflects that Valley Bank then abandoned its efforts in Larimer County and did not take any further action in that court. Instead, it filed a C.R.C.P. 120 proceeding in Denver in September 2001, and the Denver court entered an order authorizing sale in October 2001. In January 2002, the Larimer County District Court ordered that the C.R.C.P. 120 proceeding in that court would

be dismissed without prejudice unless it was reset for hearing, and in February 2002, the court dismissed it. The record does not reflect that plaintiffs sought to stay or suspend the C.R.C.P. 120 proceeding filed in Denver.

Under these circumstances, we conclude the rule of priority of jurisdiction did not divest the Denver District Court of jurisdiction to enter the order authorizing sale. There was no risk of inconsistent decisions or duplicative lawsuits because Valley Bank had abandoned its efforts to obtain an order authorizing sale from the Larimer County Court and, indeed, had not even filed the necessary documentation to allow it to obtain such an order from that court. *Cf. People ex rel. Maddox v. Dist. Court,* 198 Colo. 208, 211–12, 597 P.2d 573, 575 (1979)(Arapahoe County District Court not required to defer to the exclusive jurisdiction of the Denver Juvenile Court where the juvenile court never took jurisdiction of the case because the appropriate documentation was not filed to transfer jurisdiction to that court). Thus, the policy reasons for the rule are not implicated here. Accordingly, the Denver District Court had jurisdiction to enter the order authorizing sale in the C.R.C.P. 120 proceeding filed in that court.

Because of our resolution of this issue, we need not consider Valley Bank's alternative argument that the rule of priority of jurisdiction is inapplicable to C.R.C.P. 120 proceedings.

The judgment is affirmed.

Judge CASEBOLT and Judge RUSSEL concur.