CRABILL, JR., *v.* THE BOARD OF COUNTY COMMISSIONERS OF CLARK COUNTY ET AL.

*Ditches — Jurisdiction of county commissioners — Route over existing township ditch — Unnecessary for trustees to refuse to act, when — Sections 6517, 6443 and 6452, General Code.*

1. The provisions of Section 6517, General Code, are cumulative, and are intended to afford petitioners for the alteration and repair of ditches an additional remedy after refusal by the township trustees to act.

2. This section does not limit or qualify the right of county commissioners to proceed under Sections 6443 and 6452, General Code, and refusal by the township trustees to act as provided in Section 6517, *supra*, is not necessary to give county commissioners the authority to do the things specified in Sections 6443 and 6452, *supra*.

3. County commissioners may alter, improve or repair a ditch located in part over the line of a township ditch without any prior refusal by the trustees to act in respect to such improvement.

(Decided January 13, 1919.)

ERROR: Court of Appeals for Clark county.

*Mr. W. Y. Mahar,* for plaintiff in error.

*Messrs. Stafford & Arthur* and *Messrs. Keifer & Keifer,* for defendants in error.

MIDDLETON, J.   In December, 1916, certain resident freeholders of this county duly filed a petition with the county commissioners, praying for the construction, widening, straightening, deepening and tiling, as far as practicable, of a ditch on a route beginning "at a point in the lands formerly owned by Laura J. Tuttle, in section 9, township 5, range 9, M. R. S., where the tile drains of the Tuttle ditch now empty into an open ditch; thence southerly, following the line of an open ditch or watercourse, through the said Tuttle lands and the lands of William S. Adams and Ellen W. Alt, in said section 9, and of Joseph Crabill, Jr., in sections 8 and 14, township 5, range 9, M. R. S., to the south line of the right of way of The Detroit, Toledo & Ironton Railroad Company."

Such proceedings were subsequently had on said petition that the same was granted by the county commissioners, from which action of the commissioners an appeal was taken by the plaintiff in error, Joseph Crabill, Jr., to the probate court. The case thereafter came on to be heard in the probate court to a jury, which returned a finding, as required by statute, in favor of the petitioners for said ditch.   The plaintiff in error then prosecuted error to the common pleas court of this county, which court affirmed the finding and judgment of the probate court, and he now prosecutes error to this court to reverse all of said judgments below.

It appears from the record, that, from the point of the beginning of said ditch, for a distance of 736 feet, the proposed route of the new ditch lies over and along a county ditch, and from that point the remainder of said ditch lies along the route of an established township ditch. The entire length of the proposed ditch is about 4950 feet; the first 1600 feet thereof were to be tiled, and the remainder was to be cleaned out, deepened and widened.

The main contention of the plaintiff in error is that under the provisions of Section 6517, General Code, the county commissioners were without jurisdiction to entertain the petition herein, as no application had been made to the township trustees to repair the township ditch involved in the improvement, and that until there was a refusal by the township trustees, as provided for in said section, the county commissioners were without jurisdiction to proceed. In support of this claim attention is directed to the case of *Sollars et al.* v. *Sever et al.,* 8 C. C., N. S., 364, in which it is held:

"County commissioners are without authority to locate and establish a ditch in a township ditch until there has been a refusal by the township trustees to act, as provided in Section 4510 [R. S.]."

It would seem from the facts, as they appear in the record of above case, that if the construction therein given to Section 4510, Revised Statutes (now Section 6517, General Code), is the proper and correct interpretation of said section, it is decisive of the instant case. We are not, however, convinced that the learned court in that case was correct in the conclusions it reached, or that its

construction of this section is in harmony with the legislative plan or scheme for the repair of ditches, either county or township, as that plan is shown by the whole legislation on the subject. In other words, Section 6517 is to be construed not only with regard to its express provisions, but in the light of all provisions of the statutory law of this state in respect to the subject of repairing ditches, both county and township. Sections 6443 and 6452, General Code, grant full and complete authority to the county commissioners to do all the things involved in the improvement proposed in the instant case. Section 6644, General Code, gives like authority to the township trustees. These sections and Section 6517, *supra,* appear to cover the whole field of legislation on this subject.

Without attempting to give a full legislative history of these various sections it may be said that Section 6443 now appears to be a combination of Section 1 of an act passed March 27, 1861 (58 Ohio Laws, 49), and Section 1 of an act passed April 25, 1868 (65 Ohio Laws, 107). Said last-named section provided:

"That the county commissioners of any county in this state shall have power at any regular or called session, whenever in their opinion it is necessary and will be conducive to the health, convenience or welfare of the public, in case where any ditch, drain or watercourse has been established and constructed under the provisions of the act to which this is supplementary, to cause the same to be cleaned out, widened or deepened, as hereinafter provided."

While the jurisdiction of the county commissioners was limited in this section to county ditches, that limitation seems to have been removed at some subsequent time; and as Section 6443 now stands it expressly provides that the county commissioners may straighten, widen, alter, deepen, box, or tile any ditch. This is also true of Section 6452, General Code, in which provisions are found equally as broad and comprehensive. Section 6644 was first enacted March 9, 1866, and may be found in 63 Ohio Laws, page 38. As then passed it provided:

"That the township trustees of any township in this state shall have power, whenever in their opinion it will be conducive to the health, convenience or welfare of the public, in cases where any ditch, drain or water course has been constructed under the provisions of the act to which this is supplementary, or otherwise, to cause the same to be cleaned out, deepened, widened or repaired, as hereinafter provided."

The act to which this section was supplementary was an act authorizing township trustees to construct ditches. But it is important to observe that their activities in the repair of ditches were not limited in the above section to township ditches, but included all ditches "otherwise" constructed.

At the time of the enactment of Section 6517 all of the foregoing sections contained practically the same provisions that they now have. So that at the time of the enactment of said section both the board of county commissioners and the board of township trustees were fully authorized under said sections to repair any ditch, either county or town-

ship, and each had in respect thereto equal and concurrent authority. The construction, therefore, of this section as given by the learned court in *Sollars* v. *Sever, supra,* makes its provisions apply to the repair of county ditches by county commissioners the same as they would apply to township ditches. There is nothing in its provisions by which they may be limited to the repair of township ditches. The section makes no distinction whatever between county and township ditches, but by its express provisions it is made applicable to any ditch provided for in the title under which it is found. That title includes all of the sections hereinbefore noted. It follows from this that if Section 6517 is intended to be jurisdictional, and the legislature purposed by its provisions to subordinate the right of county commissioners to repair ditches to an action first by the township trustees, and to make the right of county commissioners to act in the repair and improvement of ditches dependent upon the refusal of the township trustees to so act, we have in its provisions an implied repeal of all the authority granted to the commissioners in Sections 6443 and 6452, *supra.* This is further evidenced by the fact that said Section 6517 provides a complete plan for its execution, and specifically provides how county commissioners shall proceed.

It is unnecessary to discuss the law of repeal by implication. It is a familiar rule of statutory construction that such repeals are not favored, and that a statute will not be construed as repealing by implication prior acts on the same subject unless there is an irreconcilable repugnancy between them

and it is plainly evident that the legislature intended the new law to completely supersede the old.

The jurisdiction granted to the county commissioners in Sections 6443 and 6452, *supra,* is expressed in terms plain, positive, direct and unqualified. Unless the jurisdiction thus granted is repealed by terms equally plain and unqualified in Section 6517, we do not feel warranted in saying that the latter section is controlling, but must regard it as merely cumulative and not as abrogating the former law. This we do for the following reasons:

It is a familiar principle that when two courts have equal and concurrent jurisdiction in respect to the same subject-matter the one first obtaining jurisdiction retains it and determines the questions involved. As a corollary to this, when such tribunal exercises its jurisdiction and determines the matter submitted, its action concludes all parties, the subject litigated is *res adjudicata,* and the jurisdiction of both tribunals as to that particular subject is exhausted and at an end. These principles apply also to boards of *quasi*-judicial functions, like county commissioners and township trustees. *Marsh* v. *Commissioners of Clark County,* 26 Weekly Law Bull., 3. See also 33 Weekly Law Bull., pp. 121 and 131.

Prior, therefore, to the enactment of said Section 6517, when a petition for an improvement like the one involved in this proceeding was presented to the township trustees, and they refused to act, the petitioners were concluded by their decision. By the enactment of this section the legislature intended to give such parties, under such circum

stances, a further remedy by expressly empowering the commissioners to entertain their petition notwithstanding it had been refused by the township trustees.

This section, therefore, is merely cumulative and affords an additional remedy only, and gives additional jurisdiction to the county commissioners to act in the repair and improvement of ditches.

We are, therefore, unable to accept the construction adopted in *Sollars* v. *Sever, supra,* and must hold in the instant case that the county commissioners were fully empowered to entertain the petition and act upon it, notwithstanding a part of the ditch proposed to be improved and repaired was over and along the line of a township ditch and no application for said improvement had theretofore been made to the township trustees.

To the further contention of the plaintiff in error that the verdict and finding of the jury was and is against the manifest weight of the evidence, it is sufficient to say that there is ample evidence in our judgment, as disclosed by the record, to sustain the finding and verdict of the jury.

*Judgment affirmed.*

SAYRE and WALTERS, JJ., concur.

(Judges of the Fourth Appellate District sitting by designation in place of Judges KUNKLE, ALLREAD and FERNEDING, of the Second Appellate District.)