No. 18,777.

CITY AND COUNTY OF DENVER, ET AL. *v.* BOARD OF COUNTY
COMMISSIONERS OF ARAPAHOE COUNTY, ET AL.
(347 P. [2d] 132)

Decided November 30, 1959.

Mr. JOHN C. BANKS, Mr. THOMAS G. ROCHE, for plain-
tiffs in error.

Mr. HARRY E. CARLENO, Mr. J. SHERMAN BROWN, for
defendants in error.

Mr. GEORGE J. FRANCIS, amicus curiae.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

SEVERAL questions are presented in the case before us, only one of which we need consider since it is determinative of the issue. It is: may a trial court, at the request of petitioning landowners based primarily upon a claim of an illegal and insufficient annexation petition of other owners who requested annexation, enjoin the passage and adoption of an annexation ordinance of the City and County of Denver? This question is answered in the negative.

The record, briefs and oral argument presented to this court disclose that plaintiffs in error, hereafter collectively and singularly called "Denver," were following the statutory procedures required by C.R.S. '53, 139-11, to annex 555.91 acres of land lying along its southerly boundary; and, that as its city council was about to consider the actual adoption of the annexation ordinance defendants sought and obtained an injunction in the County Court of Arapahoe County, wherein the land is located, forbidding such action. In the trial court defendants had alleged lack of jurisdiction in Denver to adopt the ordinance in question and that the trial court had authority to proceed as it did, that defendants lacked a plain, speedy and adequate remedy at law and would suffer special and irreparable damages if the annexation ordinance were to be adopted.

The general rule relating to judicial attempts to restrain the legislative branch of government is set out in 43 C.J.S., *Injunction,* §118, at page 649, where it is said:

"The general rule is that a municipal corporation, in the exercise of legislative power with relation to the subjects committed to its jurisdiction, can no more be

enjoined than can the legislature of the state. *The restraining power of the court should be directed against the enforcement rather than the passage of orders and resolutions or ordinances by municipal corporations.*

"There are exceptions, however, to this doctrine of noninterference, as where the mere passage of the ordinance would immediately occasion, or would be followed by, some irreparable loss or injury beyond the power of redress by subsequent judicial proceedings, or where it would cause a multiplicity of suits. So a distinction has been drawn between a case in which the municipality is acting in its governmental or public character with discretionary authority and one in which it is acting as the owner of property. Furthermore, if the ordinance, the passing of which is sought to be enjoined, is not within the legislative discretion of the municipal body, there is no question as to the jurisdiction to grant an injunction. Under ordinary circumstances the passing of an ordinance will not be enjoined on the ground that its enforcement will violate the obligation of a prior contract.

"An injunction will not issue to prevent the passage of an unconstitutional or otherwise void ordinance where it will not result in any irreparable injury. Moreover, the injury threatened must be impending as a direct result of the voting on, and passing of, the ordinance as distinguished from injury that may result from the carrying out or enforcement of the ordinance. Where it is the enforcement of the ordinance that will cause the injury it is the enforcement that must be enjoined. * * * " (Emphasis added.)

In accord see 28 Am. Jur., *Injunctions,* Sec. 177, at page 366; *Lewis, Mayor v. Denver City Water Works Co.* (1893), 19 Colo. 236, 34 Pac. 993; *City and County of Denver v. Widom* (1932), 90 Colo. 147, 151, 7 P. (2d) 406. And see *State ex rel. Rose v. Superior Ct.* (1900), 105 Wis. 651, 81 N.W. 1046, 48 L.R.A. 819 (court cannot act to prevent legislative acts even though they may be

irregular or result in void ordinances). And, "Prior to the enactment of a statute, the courts cannot determine its constitutionality or validity or enjoin its enactment." 16 C.J.S., *Const. Law,* p. 724, Sec. 151 (1) a.

■ Proceedings to annex territory may only be enjoined where they are in excess of the city's powers. 2 *McQuillin, Municipal Corporations* (3rd Ed.), 383-384, Sec. 7.43; 18 A.L.R. (2d) 1247, et seq. In the instant case it cannot be said that Denver is acting in excess of its powers; the true contention is that it is acting improperly in allegedly failing to properly follow statutory procedure. *Denver v. Sweet* (1958), 138 Colo. 41, 329 P. (2d) 441, relied upon by defendants, was a case where the city had no power to enact a city income tax and an election to determine whether it should do so was held properly enjoined. It is not in point where a city has power to annex lands. Power to annex, it surely has under our laws; power to annex without following the requisite statutory steps it has not. But the latter is procedural not destructive of its basic powers.

■ Our determination of the issue here must proceed upon the premise that defendants have failed to bring themselves within an exception to the general rule. The record discloses that Denver was proceeding within its proper field of jurisdiction and authority in preparing to enact the ordinance in question. Hence the ruling of the trial court was in error.

We are unable to see how irreparable damage could occur to these defendants, assuming the ordinance in question is finally adopted by Denver. Our statute, C.R.S. '53, 139-11-6, provides:

"Aggrieved person may seek relief — appeal. — Any person aggrieved by any annexation proceedings had under this article, may apply at any time within ninety days after the effective date of the approving ordinance to the county court of the county in which his land is situated for a hearing and appropriate relief. No appeals shall be prosecuted from judgments of the county court

in any proceedings under this article, but writs of error to such judgments shall be as in other civil cases." .

This statute provides an adequate remedy for these defendants' complaints. See *Leavell v. Town of Texico* (1957), 63 N.M. 233, 316 P. (2d) 247, 249; *Hilbert v. Stephen* (1951), 78 D. & C. Rep. 139; *Whitney v. Jersey Shore Borough* (1920), 266 Pa. 537; 109 Atl. 767; *Roush v. Barthalow* (1950) (Ct. of Common Pleas, Ohio), 105 N.E. (2d) 85, 88, Appeal dismissed 156 Ohio St. 452, 103 N.E. (2d) 273; *Griffith v. McCandless Township* (1951), 366 Pa. 309, 77 A. (2d) 432.

■ If defendants can advance reasons why this ordinance, if adopted, is objectionable or void, the proper time to object and proper forum are both provided by this special statutory proceeding. They cannot be heard to object before they exhaust all such remedies. The fact that the state statutes do not provide in more detail how to solve the problems of taxation and refunds, voting and building restrictions, where an annexation ordinance is later held to be invalid, are problems better addressed to the state legislature than to the courts. In any event the present grounds urged by defendants do not entitle them to relief by injunctive process.

The judgment is reversed with instructions to dismiss the action.

Mr. Justice Hall and Mr. Justice Day concur.