**SENSIBLE HOUSING CO., INC.,**
Plaintiff–Appellant,

v.

**TOWN OF MINTURN, Colorado; Ginn Battle North, LLC; Ginn Battle South, LLC; and Ginn–LA Battle One, Ltd., LLLP, Defendants–Appellees.**

No. 09CA1824.

Colorado Court of Appeals,
Div. IV.

Aug. 19, 2010.

---

Appel & Lucas, P.C., Garry R. Appel, Denver, Colorado, for Plaintiff–Appellant.

Holland & Hart, LLP, Arthur B. Ferguson, Jr., Aspen, Colorado; Allen C. Christensen, Attorney at Law, P.C., Allen C. Christensen, Edwards, Colorado, for Defendant–Appellee Town of Minturn, Colorado.

Berg Hill Greenleaf & Ruscitti, LLP, Josh A. Marks, Michel C. Walter, Boulder, Colorado; Sarah J. Baker, P.C., Sarah J. Baker, Edwards, Colorado, for Defendants–Appellees Ginn Battle North, LLC; Ginn Battle South, LLC; and Ginn–LA Battle One, Ltd., LLLP.

Opinion by Judge DAILEY.

In this C.R.C.P. 106 action, plaintiff, Sensible Housing Company, Inc. (Sensible), appeals the district court's order dismissing on jurisdictional grounds its complaint against defendant Town of Minturn for approving the annexation of nine parcels of land allegedly owned by defendants Ginn Battle North, LLC, Ginn Battle South, LLC, and Ginn–LA Battle One, Ltd., LLLP (collectively, Ginn Battle). We reverse and remand with directions.

### I. Background

In November 2005, Ginn Battle submitted to Minturn petitions for Minturn to annex nine parcels of land located in Eagle County (the disputed properties). In February 2008, after numerous public hearings, Minturn approved each petition for annexation by separate ordinance. An integral part of each ordinance was the conclusion that Ginn Battle was the titled owner of each of the disputed properties.

Prior to, and during, the annexation proceedings, however, Ginn Battle was involved in litigating title to the disputed properties with Sensible and its predecessors in interest in Eagle County District Court. *See Ginn Battle Lender, LLC v. Battle Mountain Corp.*, Case No. 98CV374 (Battle Mountain Litigation). In pertinent part, this litigation included a quiet title counterclaim by Sensible and its predecessors in interest against Ginn Battle related to the disputed properties.

At the outset of the annexation proceedings, and once thereafter, Sensible's predecessors in interest sent Minturn letters alerting Minturn of the Battle Mountain Liti-

gation and objecting to the annexation petitions. After Minturn annexed the disputed properties, Sensible filed the present action in Eagle County District Court, alleging that Minturn exceeded its jurisdiction and abused its discretion by approving the annexation of the disputed properties while title to those properties was being litigated in the Battle Mountain Litigation.

On June 3, 2009, the district court entered an order in the Battle Mountain Litigation granting partial summary judgment to Ginn Battle based upon its conclusion that Sensible did not have title to any of the disputed properties. Sensible has since appealed that order.

On July 21, 2009, the district court entered an order dismissing the present case under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. Relying solely on its earlier order in the Battle Mountain Litigation, the court concluded that "Sensible ... has no standing, because it is neither a landowner nor a qualified elector" under section 31–12–116, C.R.S.2009; indeed, "as the situation stands now, Sensible has been found not to possess any interest in any property annexed by Minturn," and "[t]he [c]ourt ... takes *sua sponte* notice of Sensible's lack of standing, and hereby dismisses this case pursuant to C.R.C.P. 12(b)(1)."

## II. Standard of Review

In considering a C.R.C.P. 12(b)(1) dismissal for lack of subject matter jurisdiction, we review the trial court's factual determinations for clear error and its legal conclusions de novo. *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.,* 121 P.3d 350, 352 (Colo.App.2005). "Because standing is necessary to invoke jurisdiction, we review the trial court's determination [of standing] de novo." *Syfrett v. Pullen,* 209 P.3d 1167, 1169 (Colo.App.2008).

## III. Standing

Sensible contends the district court erroneously determined that it lacked standing to challenge Minturn's annexation of the disputed properties based upon the court's decision in the Battle Mountain Litigation. We agree.

"[T]he question of standing is really an inquiry into 'whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief.'" *State Bd. for Cmty. Colls. & Occupational Educ. v. Olson,* 687 P.2d 429, 434 (Colo.1984) (quoting *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Under the Municipal Annexation Act of 1965, sections 31–12–101 to –123, C.R.S.2009 (Annexation Act), only a landowner or a qualified elector in the area proposed to be annexed has standing to request judicial review of a municipality's annexation proceedings. § 31–12–116(1)(a), C.R.S.2009.

Here, we must determine whether the district court's conclusion that Sensible lacked standing could properly be based upon its determination in a separate proceeding that Sensible had no ownership interest in the disputed properties.

A court may rely on a determination made in a separate legal proceeding and bar parties from relitigating that matter under the doctrines of claim preclusion and issue preclusion. *See Smeal v. Oldenettel,* 814 P.2d 904, 907 (Colo.1991) (discussing doctrines under their former names, that is, res judicata and collateral estoppel, and, noting that prior judgments are deemed conclusive of claims or issues if those doctrines apply).

"Claim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Estate, Inc. v. E–470 Public Highway Auth.,* 109 P.3d 604, 608 (Colo.2005). For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist:

(1) finality of the first judgment,

(2) identity of subject matter,

(3) identity of claims for relief, and

(4) identity or privity between parties to the actions.

*Id.*

Issue preclusion applies "[w]hen an issue of fact or law is actually litigated and

determined by a valid and final judgment, and the determination is essential to the judgment, [such that] the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *City & County of Denver v. Block 173 Assocs.*, 814 P.2d 824, 831 (Colo. 1991) (citing Restatement (Second) of Judgments § 27 (1980)). Issue preclusion bars relitigation of issues if:

> (1) the issue is identical to an issue actually and necessarily adjudicated at a prior proceeding;
>
> (2) the party against whom estoppel is asserted is a party or in privity with a party in the prior proceeding;
>
> (3) there was a final judgment on the merits; and
>
> (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.*[1]

■■■■ A comparison of the elements of claim and issue preclusion reveals that both require finality of a prior judgment. Finality is defined as a judgment " 'sufficiently firm' in the sense that it was not tentative, the parties had an opportunity to be heard, and *there was an opportunity for review*." *Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005) (quoting *Carpenter v. Young*, 773 P.2d 561, 568 (Colo.1989)). Finality therefore requires "an opportunity for review before a judgment can be considered final. . . . Pronouncing a judgment to be final while it is still pending on appeal would negate that requirement." *Id.* Stated another way, "for the purposes of issue preclusion, a judgment that is still pending on appeal is not final." *Id.; see Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 22 (Colo.App.2010) (a judgment is not final until certiorari has been resolved in the Colorado Supreme Court and the United States Supreme Court).[2]

Here, as Sensible advised the district court, it has appealed the June 3 order. *Sensible Housing Co. v. Ginn Battle Lender, LLC*, (Colo.App. No. 10CA0114). Because Sensible's appeal is still pending, the district court's order in the Battle Mountain Litigation cannot be considered final for issue or claim preclusion purposes, and, consequently, the district court erred in relying upon that order to determine Sensible lacked standing (and the court lacked jurisdiction) in the present case.

## IV. Mootness

■■■■ We reject Ginn Battle and Minturn's suggestion that, wholly independent of standing considerations, the court could have dismissed this case on mootness grounds.

■■■■ "A case is moot when a judgment, if rendered, would have no practical legal effect upon the existing controversy." *In re Marriage of Hartley*, 886 P.2d 665, 669 (Colo.1994) (quoting *Van Schaack Holdings, Ltd. v. Fulenwider*, 798 P.2d 424, 426 (Colo. 1990)). To determine mootness, a court must look at circumstances that have arisen after the case commenced. *Independence Inst. v. Coffman*, 209 P.3d 1130, 1140 (Colo. App.2008).

Here, although the court's order in the Battle Mountain Litigation was a circumstance arising after the commencement of the current proceeding, because that order is currently on appeal, we are unable to determine its effect on this case. If, for instance, the order were to be overturned on appeal, and, ultimately, Sensible found to have title to all or part of the disputed properties, Sensible's challenge to Minturn's annexation process would not be moot. Only if the order were affirmed on appeal would Sensible, as a matter of issue or claim preclusion,

---

**1.** Issue preclusion is broader than claim preclusion given that it applies to claims for relief different from those litigated in the first action, but narrower in that it only applies to issues actually litigated. *Block 173 Assocs.*, 814 P.2d at 831.

**2.** We note that, in these cases, the courts decided the "finality" issue in the context of discussing

issue preclusion. We perceive no reason why a different concept of finality would apply in the claim preclusion context. *See, e.g., Shaffer v. Smith*, 543 Pa. 526, 673 A.2d 872, 874 (1996) (same definition of finality applies to both doctrines); *Faison v. Hudson*, 243 Va. 413, 417 S.E.2d 302, 304–05 (1992) (same).

lack standing, rendering its present challenge moot.

## V. Merits

▮ Last, in their answer brief, Minturn and Ginn Battle contend that we can determine Sensible's lack of standing because the evidence in the record supports Minturn's determination that Ginn Battle (and, correspondingly, not Sensible) owned the disputed properties. In our view, however, because the ownership of the disputed properties is the matter being adjudicated in the Battle Mountain Litigation, Minturn had to await the outcome of that litigation before making any determination itself.

We do not question the notion, advanced by Minturn at oral argument, that, implicit in the Annexation Act is the legislature's determination that a municipality may consider issues of ownership when annexing property. *See* § 31–12–107(1)(a), (1)(g), (2)(c), C.R.S. 2009 (landowners may petition for annexation of property; when petition is signed by the owners of one hundred percent of the area proposed to be annexed, municipality may, by ordinance, annex property without election, and "[t]he ordinance annexing such area shall include a statement that the owners of one hundred percent of the area have petitioned for such annexation"; when less than one hundred percent of the owners petition for annexation, an annexation election may, in appropriate circumstances, be held).

▮ However, in Colorado, when more than one court can exercise jurisdiction over a matter, "the court first acquiring jurisdiction [over] the parties and the subject matter has exclusive jurisdiction." *Martin v. Dist. Court*, 150 Colo. 577, 579, 375 P.2d 105, 106 (1962); *see Utils. Bd. v. Southeast Colo. Power Ass'n*, 171 Colo. 456, 458, 468 P.2d 36, 37 (1970) ("It is familiar law that, once a court takes jurisdiction of an issue and of parties, it thereafter has exclusive jurisdiction of the subject and matters ancillary thereto."); *Estates in Eagle Ridge, LLLP v. Valley Bank & Trust*, 141 P.3d 838, 844 (Colo.App.2005) ("This rule is based on the public policies of preventing a conflict of decisions of two courts of concurrent jurisdiction and avoiding unnecessary duplication and multiplicity of suits.").

▮ If, in the case of two courts considering the same issue, the court first considering the issue exercises exclusive jurisdiction over it, then when a court considers an issue prior to an administrative agency, the court should, once again, exercise exclusive jurisdiction over that issue. *See Padilla v. Liberty Mutual Ins. Co.*, 832 So.2d 916, 919–20 (Fla.Dist.Ct.App.2002) (it was an abuse of authority for an agency to allow the administrative process to be used to obtain "administrative preemption over legal issues then pending in a court proceeding involving the same parties" (quoting *Suntide Condo. Ass'n v. Div. of Fla. Land Sales*, 504 So.2d 1343, 1345 (Fla.Dist.Ct.App.1987))).

This is particularly so because a C.R.C.P. 105 quiet title action, like the one involved in the Battle Mountain Litigation, is designed to "provide for 'a complete adjudication of the rights of all parties'" claiming an interest in land "so that the controversy may be ended." *Maitland v. Bd. of County Comm'rs*, 701 P.2d 617, 619 (Colo.App.1984) (quoting C.R.C.P. 105(a)); *accord Bd. of County Comm'rs v. Timroth*, 87 P.3d 102, 105 (Colo.2004).

In line with this rationale, because the issue of Sensible's ownership interest, or lack thereof, in the disputed properties was already the subject of the Battle Mountain Litigation, it could not, absent deferral by the district court, be determined by Minturn in the annexation proceedings.[3]

---

3. Under the doctrine of primary jurisdiction, a court may defer a matter to an administrative agency when presented with "technical questions of fact uniquely within the agency's expertise and experience." *Great W. Sugar Co. v. N. Natural Gas Co.*, 661 P.2d 684, 690 (Colo.App.1982) (quoting *Columbia Gas Transmission Corp. v. Allied Chemical Corp.*, 652 F.2d 503, 519 n. 14 (5th Cir.1981)), *aff'd sub nom. KN Energy, Inc. v.* *Great W. Sugar Co.*, 698 P.2d 769 (Colo.1985); *see also Trans Shuttle, Inc. v. Pub. Utils. Comm'n*, 89 P.3d 398, 404–05 (Colo.2004). However, "[r]eferral of issues to an agency is not required when the issue is strictly a legal one and ... within the conventional competence of the courts." *Great W. Sugar Co.*, 661 P.2d at 690; *see also Arapahoe County Pub. Airport Auth. v. Centennial Express Airlines, Inc.*, 956 P.2d 587,

In reaching this conclusion, we necessarily reject, as unsupported by any statutory text, Minturn's assertion that, under the Annexation Act, municipalities exercise priority of jurisdiction with respect to issues already pending in court when annexation proceedings are commenced.

The order of dismissal is reversed and the case is remanded to the district court with directions to return the matter to Minturn to (1) vacate those annexation ordinances related to the property in dispute here and (2) stay annexation proceedings with respect to that property pending the outcome of the Battle Mountain Litigation.

Judge HAWTHORNE and Judge MÁRQUEZ * concur.

592 (Colo.1998) (deferral to federal agency by state court not necessary in aviation context because the questions presented to the court did not " 'go beyond the understanding of judges' or lay 'at the heart of the task assigned the agency by Congress' " (quoting *Mashpee Tribe v. New Seabury Corp.*, 592 F.2d 575, 580–81 (1st Cir. 1979))).

