2012 CO 23

TOWN OF MINTURN, Colorado; Ginn Battle North, LLC; Ginn Battle South, LLC; and Ginn–LA Battle One Ltd., LLLP, Petitioners

v.

SENSIBLE HOUSING CO., INC., Respondent.

No. 10SC670.

Supreme Court of Colorado, En Banc.

April 9, 2012.

Berg Hill, Greenleaf & Ruscitti LLP, Josh A. Marks, Heidi C. Potter, Boulder, Colorado, Sarah J. Baker, P.C., Sarah J. Baker, Edwards, Colorado, Attorneys for Petitioners Ginn Battle North, LLC; Ginn Battle South, LLC; and Ginn–LA Battle One Ltd., LLLP.

Allen C. Christensen, Attorney at Law, P.C., Allen C. Christensen, Edwards, Colorado, Holland & Hart LLP, Arthur B. Ferguson, Jr., Aspen, Colorado, Attorneys for Petitioner Town of Minturn.

Appel & Lucas, P.C., Garry R. Appel, James P. Eckels, Denver, Colorado, Attorneys for Respondent.

Rachel L. Allen, Denver, Colorado, Attorney for Amicus Curiae Colorado Municipal League.

Justice HOBBS delivered the Opinion of the Court.

¶ 1 We granted certiorari in this case to review the court of appeals' decision in *Sensible Housing Co., Inc. v. Town of Minturn,*

No. 09CA1824, 2010 WL 3259829 (Colo.App. Aug. 19, 2010).[1] The court of appeals voided nine annexation ordinances adopted by the Town of Minturn, ruling that, under priority of jurisdiction, Minturn should have stayed its annexation actions in the face of a prior-commenced and ongoing quiet title action regarding a disputed portion of the annexed property. We disagree and reverse.

¶ 2 In 2008, Minturn enacted annexation ordinances for nine parcels of property in response to annexation petitions filed in 2005, which claimed that Ginn (petitioners in this action) was the 100% owner of the land proposed to be annexed. Ginn and Sensible Housing Co. (respondent in this action) were involved in a quiet title action concerning portions of the annexed property, which commenced before Ginn filed the annexation petitions. Sensible sought judicial review of the annexation pursuant to section 31–12–116, C.R.S. (2011), asserting that Minturn exceeded its jurisdiction and abused its discretion by approving the annexation of the property without an election, due to the ongoing dispute as to the property's title. The court of appeals agreed and applied the "priority pule" to the annexation proceedings, which states that "when more than one court can exercise jurisdiction over a matter, 'the court first acquiring jurisdiction [over] the parties and the subject matter has exclusive jurisdiction.'" *Sensible Housing Co.*, 2010 WL 3259829, at *4 (quoting *Martin v. Dist. Court,* 150 Colo. 577, 579, 375 P.2d 105, 106 (1962)).[2] The court of appeals voided the annexation, reasoning that Minturn should have stayed the annexation proceedings pending the outcome of the quiet title litigation. *Id.* at *4–5. We reverse the judgment of the court of appeals.

¶ 3 We hold that the priority rule only applies as between competing judicial proceedings and the court of appeals erred in applying the rule to the annexation, a legislative action. We return this case to the court of appeals for remand to the district court with directions to stay judicial review of the annexation proceedings pending the outcome of the quiet title litigation.

## I.

¶ 4 Since 1998, Petitioners Ginn Battle North, LLC, Ginn Battle South, LLC, and Ginn–LA Battle One Ltd., LLLP (collectively, "Ginn") and Respondent, Sensible Housing Co. ("Sensible") have been involved in ongoing quiet title litigation regarding the ownership of two parcels of property located in Eagle County, Colorado ("quiet title action").

¶ 5 In November 2005, Ginn filed nine petitions requesting that the Town of Minturn annex nine parcels of property totaling approximately 4300 acres, including portions of property at issue in the quiet title action. Each petition expressly identified a Ginn entity as the 100% owner of the pertinent parcel. Sensible objected to the annexation by letter on December 13, 2005, asserting that because of the ongoing dispute over title to portions of the annexed property, Ginn was not the 100% owner of those parcels.

¶ 6 On December 21, 2005, Minturn found Ginn's annexation petitions to be in substantial compliance with applicable statutory and constitutional requirements, and held public hearings on the potential annexation between February 2006 and February 2008. Sensible objected again in August 2006, reiterating that title to the property was in dispute. Nevertheless, on February 28, 2008, Minturn approved the proposed annexations through

1. The issues presented for review are:
 1. As a matter of first impression in Colorado, did the court of appeals violate the separation of powers doctrine by applying the Priority Rule to bar a home rule municipality from proceeding with a legislative annexation determination where the Municipal Annexation Act of 1965, C.R.S. §§ 31–12–101 to 31–12–123 vests a municipality with exclusive authority to annex property?
 2. In the alternative, if the Priority Rule applies where concurrent court and legislative annexation proceedings are pending, did the court of appeals err when it *sua sponte* determined, contrary to *Wiltgen* and another court of appeals opinion, that a town's annexation ordinances were void *ab initio?*

2. As *Martin* more fully points out, the rule connotes not "exclusive" jurisdiction, but rather a priority of jurisdiction as between two court proceedings. 150 Colo. at 579, 375 P.2d at 106.

nine annexation ordinances. Each annexing ordinance explicitly found that the petitioning Ginn entity was the 100% owner of the applicable parcel and, consequently, an election by landowners was not required under article II, section 30 of the Colorado Constitution or section 31–12–107(2), C.R.S. (2011) of the Annexation Act. Sensible then filed a motion to reconsider the annexation ordinances, which was denied.

¶ 7 On April 25, 2008, Sensible filed its initial complaint in the immediate action, seeking judicial review of the annexation ordinances pursuant to section 31–12–116, C.R.S. (2011) ("annexation judicial review proceeding").[3] Sensible asserted that Minturn had exceeded its jurisdiction and abused its discretion by approving the annexation of the property without an election due to the ongoing dispute as to the property's title.

¶ 8 Meanwhile, the quiet title action proceeded before the trial court, and on June 3, 2009, the court granted partial summary judgment to Ginn for both disputed parcels, holding that Sensible had presented no evidence supporting its claim to title of the property ("quiet title order"). The court of appeals affirmed as to one of the two parcels but reversed as to the other parcel, remanding the case to the trial court for further proceedings. *Ginn Battle Lender, LLC v. Sensible Housing Co., Inc.*, Nos. 10CA0114 & 10CA2158, slip op. at 11, 21, 2011 WL 1590536 (Colo.App. April 21, 2011). That case is currently on remand before the trial court.[4]

¶ 9 Following entry of the quiet title order, but before the order's appeal, the district court in the annexation judicial review proceeding requested status reports from Ginn and Sensible to determine whether that order—granting summary judgment to Ginn on the grounds that Sensible had put forth no evidence to support its claim of title—had

any effect upon the annexation judicial review proceeding. After receiving the reports of both parties, the district court on July 21, 2009 issued an order dismissing the annexation judicial review proceeding ("dismissal order").

¶ 10 The district court reasoned that, because the quiet title order established that Sensible did not have title to the disputed properties, Sensible had no standing to petition for review of the annexation.[5] The district court thus dismissed the case for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b)(1).

¶ 11 Sensible appealed the dismissal order, arguing that (1) the district court erred in dismissing the annexation judicial review proceeding based solely on the quiet title order because neither claim nor issue preclusion applied to that order; (2) the trial court's decision in the quiet title action did not render the annexation judicial review proceeding moot; and (3) the district court erred in dismissing the annexation judicial review proceeding on the ground Sensible lacked standing. The court of appeals reversed the dismissal order on two principal grounds. First, it held that the district court erred in relying upon the quiet title order to determine that Sensible lacked standing and the court lacked jurisdiction because the quiet title order had been appealed and could not be considered final for issue or claim preclusion purposes at that time. *Sensible Housing Co.*, 2010 WL 3259829, at *1–2. Second, it held that Sensible's challenge to the annexation process may not be moot, depending on the outcome of the appeal of the quiet title order.[6] *Id.* at *3.

¶ 12 The court of appeals remanded the case with directions to vacate the annexation ordinances related to the disputed property and stay any further annexation proceedings with respect to that property pending the

---

3. Section 31–12–116 provides for annexation proceedings to be reviewed by certiorari in accordance with the Colorado rules of civil procedure.

4. We denied certiorari on February 9, 2012.

5. Section 31–12–116, providing for judicial review of annexations, allows only for the filing of

a petition for review by a landowner or qualified elector within the annexed area.

6. The only issue before us concerns the validity of the court of appeals' decision to void the annexation. We do not address the merits of any other issue in this case.

outcome of the quiet title action. *Id.* at \*5. The court sua sponte applied the priority rule to the annexation proceedings, which states that "when more than one court can exercise jurisdiction over a matter, 'the court first acquiring jurisdiction [over] the parties and the subject matter has exclusive jurisdiction'" ("priority rule"). *Id.* at \*4 (internal citations omitted). The court reasoned that, because the quiet title action commenced before the annexation proceedings and both actions concerned the same property, the priority rule required Minturn to await the outcome of the quiet title litigation before making any determination about the ownership of the annexed property. *Id.* at \*3. We disagree.

## II.

¶ 13 We hold that the priority rule only applies as between competing judicial proceedings and the court of appeals erred in applying the rule to the annexation, a legislative action. We return this case to the court of appeals for remand to the district court with directions to stay judicial review of the annexation proceedings pending the outcome of the quiet title litigation.

## A.

### Standard of Review

¶ 14 Application of the priority rule to a legislative proceeding is a question that we review de novo. *See People v. Shell,* 148 P.3d 162, 178 (Colo.2006) (stating that principles of statutory construction apply to rules of procedure); *Colo. Dep't of Revenue v. Hibbs,* 122 P.3d 999, 1002 (Colo.2005) (stating that this court reviews questions of statutory construction de novo).

## B.

### Annexations are Legislative in Nature

¶ 15 Providing procedures for the setting of municipal boundaries, whether by incorporation or annexation, is a prerogative of the General Assembly. *City of Greenwood Vill. v. Petitioners for the Proposed City of Centennial,* 3 P.3d 427, 433 (Colo.2000). Article II, section 30 of the Colorado Constitution provides that no unincorporated area may be annexed to a municipality unless (1) the majority of landowners and registered electors in the area proposed to be annexed have voted for the annexation; or (2) the annexing municipality has received a petition for the annexation signed by more than fifty percent of the landowners owning greater than fifty percent of the land in the area to be annexed. In other words, unless more than fifty percent of the landowners petition the municipality, the annexation may not proceed unless a majority of landowners and registered electors have voted for it.

¶ 16 The Municipal Annexation Act of 1965 lays out the procedural framework by which a municipality may annex new land. §§ 31–12–101 to –707, C.R.S. (2011). Proceedings by municipalities under this authority are legislative in nature. *City & Cnty. of Denver v. Dist. Court,* 181 Colo. 386, 389, 509 P.2d 1246, 1248 (1973). Upon receipt of the annexation petition, the governing body of the annexing municipality must hold hearings to determine whether the petition complies with the requirements of article II, section 30. § 31–12–108(1). Following the hearings, the Act requires the annexing municipality to make findings with respect to whether the constitutional requirements of article II, section 30 have been met, whether an election of landowners and registered electors is required, and whether to impose additional terms and conditions upon the annexation. § 31–12–110.

¶ 17 Once an annexation is complete, any person owning land in the area annexed may seek judicial review of the annexation in accordance with section 31–12–116. Review is limited to the determination of whether the governing body has exceeded its jurisdiction or abused its discretion under the terms of the Act. § 31–12–116(3). "[T]he function of the county court in such proceedings is to provide a forum in order to insure first, that the area is eligible, and secondly, that the procedural requirements of the statute have been fully complied with." *City of Littleton v. Wagenblast,* 139 Colo. 346, 352, 338 P.2d 1025, 1027 (1959).

## C.

### The Priority Rule

¶ 18 Courts, in general, have the power to stay proceedings before them. *Landis v. N. Amer. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.; see generally In re Application for Water Rights of U.S.*, 101 P.3d 1072 (Colo.2004) (holding that the water court acted within its discretion in granting a stay of proceedings until the resolution of related federal litigation, due to considerations of comity as well as the relief available to the parties).

¶ 19 Where two courts may exercise jurisdiction over the same parties and subject matter, we have stated that the first action filed has priority of jurisdiction, and that the second action must be stayed until the first is finally determined ("priority rule"). *Wiltgen v. Berg*, 164 Colo. 139, 145–46, 435 P.2d 378, 381 (1967); *Martin v. Dist. Court*, 150 Colo. at 579, 375 P.2d at 106. The purpose of the priority rule is to promote judicial efficiency and "avoid unnecessary duplication and multiplicity of suits." *Pub. Serv. Co. of Colo. v. Miller*, 135 Colo. 575, 577, 313 P.2d 998, 999 (1957). Other considerations that may serve the trial court in the exercise of its discretion in granting or denying a stay include expense and convenience, availability of witnesses, the stage to which proceedings in the first action have already progressed, and the possibility of prejudice resulting from the stay. *Nationwide Mut. Ins. Co. v. Mayer*, 833 P.2d 60, 62 (Colo.App. 1992); *see also Universal Gypsum of Ga., Inc. v. Am. Cyanamid Co.*, 390 F.Supp. 824, 827 (S.D.N.Y.1975).

¶ 20 Though other states have applied the priority rule to legislative proceedings, see *People ex rel. Hathorne v. Morrow*, 181 Ill. 315, 54 N.E. 839 (1899); *Crabill v. Bd. of Cnty. Comm'rs*, 10 Ohio App. 472, 478 (1919), Colorado has not done so. Instead, we have typically refrained from restraining the legislative branch from passing an act in favor of reviewing the action, in a proper case, following its adoption:

> It is a general principle in the governmental system of this country that the judicial department has no direct control over the legislative department. Each department of the state government is independent within its appropriate sphere. Legislative action by the general assembly cannot be coerced or restrained by the judicial process ... [T]he legislature cannot be thus compelled to pass an act, even though the constitution expressly commands it; nor restrained from passing an act, even though the constitution expressly forbids it.

*Colo. Common Cause v. Bledsoe*, 810 P.2d 201, 208 (Colo.1991) (internal citations omitted). This principle applies to the legislative action of municipal governments. *Id.*

## D.

### Application to this Case

¶ 21 We conclude that the court of appeals erred in applying the priority rule to void Minturn's annexation ordinances because annexations are legislative proceedings. It is clear from the language used, both by this court and by the United States Supreme Court, that the priority rule is one used to keep the judicial house in order, to avoid a multiplicity of suits, and to promote judicial efficiency. *See Landis*, 299 U.S. at 254–55, 57 S.Ct. 163; *Pub. Serv. Co. of Colo.*, 135 Colo. at 577, 313 P.2d at 999. Though courts in other jurisdictions have extended the rule to legislative proceedings, we have not done so in the past and decline to do so here.[7]

---

7. Sensible misrelies on our opinion in *Wiltgen* to support its claim that the priority rule should be applied to annexation proceedings. *Wiltgen* concerned dueling municipal *incorporation* proceedings, a court petition process, which we ruled were "judicial in nature" before applying the priority rule. 164 Colo. at 145, 435 P.2d at 381. By contrast, this court has stated explicitly that annexation is a legislative function. *City & Cnty. of Denver v. Dist. Court*, 181 Colo. at 389, 509 P.2d at 1248.

¶ 22 To apply the priority rule in such a way would be at odds with our caution that legislative action "cannot be coerced or restrained by the judicial process." *Bledsoe*, 810 P.2d at 208. Furthermore, it is inconsistent with our view of the judicial versus the legislative role in annexation proceedings. Our role typically commences after the legislative action has been completed:

> The general rule is that a municipal corporation, in the exercise of legislative power with relation to the subjects committed to its jurisdiction, can not more be enjoined than can the legislature of the state.
>
> *The restraining power of the court should be directed against the enforcement rather than the passage of ... resolutions or ordinances by municipal corporations.*

*City & Cnty. of Denver v. Bd. of Cnty. Comm'rs.*, 141 Colo. 102, 103–04, 347 P.2d 132, 133 (1959).

 ¶ 23 By applying the priority rule to void Minturn's annexation proceedings, the court of appeals in effect held that no legislative action could occur because the quiet title action had been filed in court. But proceedings to annex territory may only be enjoined where they are in excess of the city's powers or where the passing of the ordinance itself (rather than the ordinance's enforcement) would cause irreparable injury beyond the power of redress by subsequent judicial proceedings. *Id.* at 104–05, 347 P.2d at 133–34; *see also* § 24–4–106(8), C.R.S. (2011) (requiring a finding of "irreparable injury" and action "clearly beyond ... constitutional or statutory authority" before a court will enjoin the conduct of an agency proceeding).

 ¶ 24 Here, Minturn cannot be said to have acted in excess of its power by finding that Ginn was the 100% owner of the annexed territory and proceeding with the annexation. In fact, the Annexation Act requires Minturn to make findings with regard to whether or not an election is required under article II, section 30(1)(a) of the Colorado Constitution before completing the annexation. § 31–12–110. Because an election is required if the annexing municipality has not received an annexation petition signed by more than 50% of the owners of the land proposed to be annexed, Minturn is required

to make findings as to the ownership of the land in question. *See id;* Colo. Const. art. II, § 30.

 ¶ 25 Likewise, the passing of annexation ordinances does not result in irreparable injury beyond redress by later judicial proceedings. Section 31–12–116 provides for judicial review of the annexation proceedings for any aggrieved landowner or registered elector and allows the court to void annexation proceedings or ordinances if it finds that the municipality has exceeded its jurisdiction or abused its discretion. §§ 31–12–116 to –117. This provides an adequate remedy if the quiet title action is resolved in favor of Sensible; in that event, a court would determine that Minturn erred in finding that no election was required prior to annexation.

Because the passage of the annexation ordinances was within Minturn's municipal power and has not caused irreparable injury incapable of redress by later judicial proceedings, the court of appeals erred in applying the priority rule to void the annexation.

¶ 26 When Sensible filed for judicial review of the annexation pursuant to section 31–12–116, the quiet title action was under review by the court of appeals; it is currently on remand before the trial court. Because both actions involve the same parties and subject matter, the priority rule applies to the annexation judicial review proceeding, and the quiet title action should proceed first. *See Martin*, 150 Colo. at 579, 375 P.2d at 106. On remand, we direct the court of appeals to instruct the district court to stay its judicial review of the annexation proceedings pending a final judgment in the quiet title action.

### III.

¶ 27 Accordingly, we reverse the judgment of the court of appeals and remand this case for return to the district court for further proceedings consistent with this opinion.

Justice MÁRQUEZ does not participate.