24CA2116 McMechan v Deutsche Bank 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2116
Weld County District Court No. 24CV30562
Honorable Shannon D. Lyons, Judge

Tori McMechan,

Plaintiff-Appellant,

v.

Deutsche Bank National Trust Company, as Trustee in Trust for Registered
Holders of Long Bean Mortgage Loan Trust 2006-6, Asset-Backed Certificates,
Series 2006-6,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE TAUBMAN*
Lipinsky and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Tori McMechan, Pro Se

Kutak Rock LLP, Jeremy D. Peck, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1 Plaintiff, Tori McMechan,[1] appeals the district court's judgment dismissing under C.R.C.P. 12(b)(5) her complaint for a declaratory judgment to bar a foreclosure on her home. We reverse and remand with directions.

## I. Background

¶ 2 In reviewing the judgment, we accept all of McMechan's factual allegations in her complaint as true. *See Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7, 409 P.3d 331, 334. According to her complaint, McMechan owned a home in Nunn, Colorado. She obtained a home mortgage loan. The parties disputed whether defendant, Deutsche Bank National Trust Company, came to hold the loan.

---

[1] The record does not indicate whether "In Interest of James J. McMechan, Deceased," which is named as co-appellant with Tori McMechan, is an estate with a personal representative. However, the opening brief indicates that "[a]ll property of James J. McMechan devolved to his wife Tori McMechan including all interests of James McMechan in the residential real property [that is] the subject of the underlying action." We thus conclude that the named interest is not a represented estate, *see* C.A.R. 5(c)(7), nor could it show standing regarding the property at issue, *see League of Women Voters of Greeley, Weld Cnty., Inc. v. Bd. of Cnty. Comm'rs*, 2025 CO 8, ¶¶ 24-26, 563 P.3d 1192, 1197-98. We therefore order the named interest dismissed, as it is not a proper party to the appeal. The caption page has been revised accordingly.

¶ 3    Eventually, Deutsche Bank commenced a foreclosure action under C.R.C.P. 120, alleging that it was the holder of the loan and McMechan had defaulted on her loan payments. McMechan, in turn, brought a declaratory judgment and injunctive relief lawsuit against Deutsche Bank.[2] Her complaint in that case alleged that Deutsche Bank was not the owner of the indebtedness because it had never received a proper assignment of the loan documents. She requested that the district court declare that Deutsche Bank had no legal or equitable rights to a foreclosure sale of the home.

¶ 4    Deutsche Bank removed that lawsuit to federal court, and, without ruling on the merits, the federal court remanded the case to state court. While the lawsuit was pending in federal court, Deutsche Bank filed a second Rule 120 proceeding, in which it alleged the same claim as it did in its initial Rule 120 action. McMechan responded by bringing a second declaratory judgment and injunctive relief lawsuit — the subject of this appeal. In that

---

[2] In McMechan's first declaratory judgment action, the district court issued a temporary restraining order that prevented the initial foreclosure action from proceeding. Although the temporary restraining order lapsed, nothing further took place in that foreclosure action.

lawsuit, McMechan once again sought to prevent a foreclosure sale. Indeed, McMechan acknowledged in the complaint in her second case that such action "involve[d] the same parties, the same property, the same loan, and the same central issue ( . . . whether [Deutsche Bank] had the right to seek enforcement of the [loan])" as the first lawsuit.[3]

¶ 5    In Deutsche Bank's second Rule 120 proceeding, the district court authorized and approved the foreclosure sale of the home. Deutsche Bank also moved to dismiss with prejudice McMechan's complaint in her first action under Rule 12(b)(5), and the court granted the motion. McMechan appealed, and that appeal announces today in Court of Appeals Case No. 24CA1384.

¶ 6    Deutsche Bank similarly moved to dismiss the complaint in the second lawsuit under Rule 12(b)(5). It claimed that, in her second lawsuit, McMechan made nearly identical allegations and requests for relief as those raised in her first lawsuit. According to

---

[3] In her complaint in her second action, McMechan indicated that she intended to request that the district court consolidate her two lawsuits. The record does not indicate that she ever filed a motion to consolidate, however.

Deutsche Bank, the doctrines of issue and claim preclusion barred the second lawsuit.

¶ 7 McMechan did not respond to the motion. The district court summarily adopted the "reasons and authorities set forth" in Deutsche Bank's motion and ordered the complaint dismissed. McMechan appeals.

## II. Dismissal Under Rule 12(b)(5)

¶ 8 McMechan contends on appeal that the district court erred by granting the motion to dismiss because the judgment entered in the first lawsuit was not final, and, therefore, the bars of issue or claim preclusion did not apply. We agree.

## A. Preservation

¶ 9 As a preliminary matter, we are unpersuaded by Deutsche Bank's argument that, because McMechan never responded to the

motion to dismiss, she failed to preserve her claim and issue preclusion arguments.[4]

¶ 10 "As a general rule, a party must make a timely and specific objection or request for relief in the district court to preserve an issue for appeal." *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 25, 452 P.3d 161, 167. However, "where a trial court addresses an argument, whether that argument was preserved is moot." *In re Estate of Ramstetter*, 2016 COA 81, ¶ 71 n.7, 411 P.3d 1043, 1054 n.7; *cf. Rinker*, ¶ 26, 452 P.3d at 168 (When "the trial court rules sua sponte on an issue, the merits of its ruling are subject to review on appeal, whether timely objections were made or not.").

¶ 11 We therefore conclude that the question of preservation is moot because the motion to dismiss raised the issues of claim and issue preclusion, and the district court ruled on those issues by

---

[4] We note that, contrary to C.A.R. 28(a)(7)(A), McMechan failed to state in her opening brief whether the issues on appeal were preserved or where those issues were raised and ruled on. However, we decline to strike her brief because her noncompliance does not hamper our ability to conduct meaningful review. *See In re Parental Responsibilities Concerning D.P.G.*, 2020 COA 115, ¶ 14, 472 P.3d 567, 570.

adopting the arguments in the motion as its order.[5]  *See Ramstetter,*
¶ 71 n.7, 411 P.3d at 1054 n.7.

### B.     Standard of Review

¶ 12     We review de novo a district court's order granting a motion to dismiss for failure to state a claim under Rule 12(b)(5).  *Colo. Ethics Watch v. Senate Majority Fund, LLC,* 2012 CO 12, ¶ 16, 269 P.3d 1248, 1253.  If a complaint fails to allege facts that, as a matter of law, support the claim for relief, we may affirm a court's dismissal of the complaint under Rule 12(b)(5).  *See Norton v. Rocky Mountain Planned Parenthood, Inc.,* 2016 COA 3, ¶ 11, 411 P.3d 162, 165, *aff'd,* 2018 CO 3, 409 P.3d 331.  When reviewing a judgment of dismissal, we must accept all factual allegations as true and review them in the light most favorable to the plaintiff.  *Warne v. Hall,* 2016 CO 50, ¶¶ 9, 24, 373 P.3d 588, 591, 595.  We "may consider only the facts alleged in the pleadings, documents attached as

---

[5] Because no party has addressed the question of preservation on appeal of any claimed errors in the district court's order dismissing the case, we do not address whether a party's complete failure to respond to a motion to dismiss has appellate consequences.  *See Pomerleau v. W. Springfield Pub. Schs.,* 362 F.3d 143, 146-47 (1st Cir. 2004); *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1576-77 (Fed. Cir. 1991).

exhibits or incorporated by reference in the pleadings, and matters of which the court may take judicial notice." *Walker v. Van Laningham,* 148 P.3d 391, 397 (Colo. App. 2006).

¶ 13    Also, when the facts are undisputed, we review issue and claim preclusion issues de novo. *City of Aurora v. Scott,* 2017 COA 24, ¶ 23, 410 P.3d 720, 724-25 (claim preclusion); *Madalena v. Zurich Am. Ins. Co.,* 2023 COA 32, ¶ 25, 532 P.3d 776, 784 (issue preclusion).

## C.    Applicable Law

¶ 14    Claim preclusion bars the relitigation of matters that have already been decided, or could have been raised, in a prior proceeding. *Argus Real Est., Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). Claim preclusion applies only when "(1) *the judgment in the prior proceeding was final*; (2) the prior and current proceedings involved identical subject matter; (3) the prior and current proceedings involved identical claims for relief; and (4) the parties to the proceedings were identical or in privity with one another." *Meridian Serv. Metro. Dist. v. Ground Water Comm'n,* 2015 CO 64, ¶ 36, 361 P.3d 392, 398 (emphasis added).

¶ 15 Issue preclusion bars relitigation of previously decided issues in certain circumstances. *Villas at Highland Park Homeowners Ass'n v. Villas at Highland Park, LLC*, 2017 CO 53, ¶ 28, 394 P.3d 1144, 1151. To assert issue preclusion, a party must show that

> (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) *there was a final judgment on the merits in the prior proceeding*; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Id.* at ¶ 29, 394 P.3d at 1152 (emphasis added) (quoting *Stanton v. Schultz*, 222 P.3d 303, 307 (Colo. 2010)).

## D. Application

¶ 16 The parties do not dispute the elements of claim or issue preclusion *except* that of finality. McMechan maintains that the district court should not have applied claim or issue preclusion because the elements of finality for both preclusions were not satisfied, as the judgment entered against McMechan in her first declaratory judgment action will not be final until the conclusion of the pending appeal of that judgment. We agree.

¶ 17    In *Rantz v. Kaufman,* the Colorado Supreme Court held that to be final for purposes of issue preclusion, "a judgment must be 'sufficiently firm' in the sense that it was not tentative, the parties had an opportunity to be heard, and *there was an opportunity for review.*" 109 P.3d 132, 141 (Colo. 2005) (quoting *Carpenter v. Young,* 773 P.2d 561, 568 (Colo. 1989)). To ensure that a party has an opportunity to review a judgment, the supreme court held that "a judgment that is still pending on appeal is not final." *Id.*

¶ 18    We are unpersuaded by Deutsche Bank's argument that the pendency of an appeal affects finality only for issue preclusion and not for claim preclusion. A division of this court has already recognized that, while *Rantz* and accompanying cases decided finality "in the context of discussing issue preclusion," there is "no reason why a different concept of finality would apply in the claim preclusion context." *Sensible Hous. Co. v. Town of Minturn*, 280 P.3d 36, 40 n.2 (Colo. App. 2010), *rev'd on other grounds*, 2012 CO 23, 273 P.3d 1154. Because we agree with the division's conclusion in *Sensible Housing Co.*, we apply it here. *See Carpenter*, 773 P.2d at 567 n.8 (determining that because "both [claim preclusion] and [issue preclusion] require an entry of a final judgment," the case law

9

involving claim preclusion was instructive for the analysis of issue preclusion); *Argus Real Est.*, 109 P.3d at 611 (pointing to *Rantz*'s analysis on issue preclusion for purposes of claim preclusion).

¶ 19　　Accordingly, the judgment in the first lawsuit lacked finality while the appeal of that judgment remains pending. *See Rantz*, 109 P.3d at 141; *Sensible Hous.*, 280 P.3d at 40 n.2. Consequently, the district court erred by applying the first lawsuit to bar McMechan's second lawsuit under the doctrines of claim and issue preclusion. *See Meridian*, ¶ 36, 361 P.3d at 398; *Villas*, ¶ 29, 394 P.3d at 1152.

¶ 20　　Even so, Deutsche Bank requests that we stay further proceedings in this appeal pending the resolution of the first lawsuit's appeal.[6] Even though the division in Court of Appeals Case No. 24CA1384 today affirms the dismissal of McMechan's first lawsuit, we perceive no justification for staying this appeal because McMechan may still file a petition for review or petition for certiorari

---

[6] To the extent Deutsche Bank argues in the alternative that we should affirm "on other grounds," Deutsche does not specify what these other grounds may be, and so we decline to address this undeveloped line of argument. *See Vallagio at Inverness Residential Condo. Ass'n v. Metro. Homes, Inc.*, 2017 CO 69, ¶ 40, 395 P.3d 788, 795 (declining to "assume the mantle" of offering "supporting argument or authority" for appellant's claims).

in that case. Thus, a stay in this case would be indeterminate given that the judgment in the first case would not be final for purposes of preclusion until the mandate issues in that case.[7] *See Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 22 (Colo. App. 2010).

¶ 21 In any event, we do not express any views on the merits of McMechan's claims in her second case or whether Deutsche Bank may succeed in defeating those claims under an issue or claim preclusion theory later in the litigation.

### III. Attorney Fees

¶ 22 Deutsche Bank requests attorney fees under section 13-17-102(4), C.R.S. 2025, asserting that McMechan's underlying civil action lacked substantial justification, was interposed for delay or harassment, or unnecessarily expanded the proceedings.

¶ 23 We deny Deutsche Bank's request because (1) McMechan prevailed in this appeal, demonstrating that her action was not frivolous or solely interposed for delay, *see Good Life Colo., LLC v.*

---

[7] On remand, the district court may exercise its discretion to stay the proceedings as it deems appropriate. *See Wallin v. McCabe*, 293 P.3d 81, 85 (Colo. App. 2011); *Sensible Hous. Co. v. Town of Minturn*, 280 P.3d 36, 42 (Colo. App. 2010), *rev'd on other grounds*, 2012 CO 23, 273 P.3d 1154.

*WLCO, LLC*, 2025 COA 8M, ¶ 106, 565 P.3d 249, 269; (2) the lack of substantial justification alleged by Deutsche Bank goes to the merits of McMechan's second lawsuit, not the merits of this appeal, *see* C.A.R. 39.1; and (3) we have concluded here that, although we do not typically grant attorney fees for lack of preservation of an issue raised on appeal, the issue was preserved by the district court ruling on it.

## IV.    Disposition

¶ 24    The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE LIPINSKY and JUDGE BERGER concur.